Joe Dave **GIBSON** et al., Appellants,

v.

William A. **HINES** et ux., Appellees.

No. 5330.

Court of Civil Appeals of Texas, Waco.

June 13, 1974.

Mac L. Bennett, Jr., Normangee, John M. Lawrence, III, Cofer & van Overbeek, Bryan, for appellants.

W. R. Vance, Bryan, for appellees.

HALL, Justice.

Joe Gibson brought this suit against his wife, Joyce, for divorce and for custody of their minor child, Betty. His mother, Mrs. Elva N. Holidy, joined him in his petition for custody. Mr. and Mrs. William A. Hines, the child's maternal grandparents, intervened seeking custody. Joyce filed a cross-action for divorce and custody and for other relief. After a trial without a jury, the court granted Joyce a divorce and other relief, and awarded custody of the child to Mr. and Mrs. Hines. We affirm.

Findings of fact and conclusions of law were filed by the court. Among them are findings that Joe and Joyce are "not unfit persons" to have custody of the child. In separate points, these parties assign error to the custody award, asserting that natural parents cannot be denied custody of their child unless they are judicially declared to be unfit. This contention is overruled.

■ The legal right of custody of a child naturally rests with the parents. But the courts may terminate this right and award custody of a child to a third party without an adjudication that the parents are unfit where it is in the best interest of the child to do so. Rice v. Rice, 21 Tex. 58, 67 (1858); Legate v. Legate, 87 Tex. 248, 28 S.W. 281, 283 (1894); Dunn v. Jackson, (Tex.Com.App., 1921, approved) 231 S.W. 351, 353; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1020 (1940); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955); Herrera v. Herrera, (Tex.Sup., 1966) 409 S.W.2d 395, 396.

■ Although Joe argues that the custody order must be set aside because of an asserted want of a finding that the best interest of the child will be served by placing her with Mr. and Mrs. Hines, this complaint is not supported by a point of error. It is therefore waived. Rule 418, Vernon's Ann.Tex.Rules of Civil Procedure; State Farm Mut. Auto. Ins. Co. v. Cowley, (Tex. Sup., 1971) 468 S.W.2d 353, 354.

Joe and Joyce contend that the custody order constitutes an abuse of discretion, asserting that the evidence is legally and factually insufficient to support it. We disagree.

Among other facts, the record reveals the following circumstances: Joe and

Joyce were married on July 23, 1971. She celebrated her seventeenth birthday six days before the marriage. He was nineteen at the time. They separated on February 4, 1973. The child in question was born on May 23, 1972. This suit was filed on February 27, 1973, and the trial was held on November 29, 1973.

Joe is a journeyman electrician, and earns $4.00 per hour. He was 22 years of age at the time of trial. He was graduated from high school. His widowed mother owns an 87-acre farm 12 miles north of Normangee in Leon County, and he lives with her. The house has a living room, two bedrooms, a kitchen and a bath. It is near a school bus route. He works in Bryan, and commutes 97 miles round-trip, daily. He leaves home at 7:00 A.M. and returns at 6:00 P.M., and his working hours are regular. He did not want Betty, and before she was born was "telling everybody it was not his child." After the child was born, he did not aid in its care. He complained that the baby "conflicted with his social life" and he "did not like being tied down with a child." In August, 1972, primarily upon his insistence, he and Joyce left the baby and its clothes with Mr. and Mrs. Hines. Thereafter, he disposed of the baby's bed and car seat. He has never shown any interest in the child.

Mrs. Holidy was 47 years of age at the time of trial. In addition to Joe, she has reared three children older than Joe. She does not work outside the home, and will care for Betty if she or Joe is awarded custody. She has had few contacts with the child.

At the time of trial, Joyce was nineteen years of age. She had worked at Woolworth's store in Bryan three days. Prior to that, she worked at two cafes three months and six months. She did not finish high school. She lives in an apartment composed of two bedrooms, kitchen, bath and living room, with an unmarried couple. The woman she lives with is 36 and the man is 27. The woman is employed, but he is not. Joyce testified that Betty's best interest will be served by leaving her with Mr. and Mrs. Hines "for the time being— until I am settled down and get a home by myself or get remarried or something like this. I would like to have custody, but I do feel that right now I am not really able to take care of the child and I would like for her to stay with my parents until I am able to take care of her." There is testimony from several witnesses that Joyce is too immature to care for the child.

Mr. and Mrs. Hines were both 45 years of age at the time of trial. They were married in 1952. They are buying a four-bedroom home located just east of Bryan on a 3-acre tract where they have lived for eight years. They are both employed in Bryan. Her weekly wage is $100, and his is $120. During the workday, they leave the child with Mrs. Alice Holik. Mr. Hines delivers the child to Mrs. Holik at 6:45 A.M., and Mrs. Hines picks her up at 3:45 P.M. Joe and Joyce began leaving the infant with Mr. and Mrs. Hines in August, 1972, and she was "back and forth" for two months. But, the Hineses have had the baby continuously since October, 1972. They have paid all of the expenses of the child's upkeep during this time. Mr. and Mrs. Hines have three daughters at home, ages 18, 16, and 14, all in high school, but Betty is their only grandchild. They all "dearly love" Betty, and she loves them. The three daughters at home "think of her as a sister" and assist in her care. The Hines's home is a good place to live with a "good family environment." In it, the child is healthy and happy.

Mrs. Alice Holik is married, and has two children ages 16 and 17. She has lived in Bryan since 1952, and she has known Mr. and Mrs. Hines about 14 years. She said, "I have never baby-sitted. I just kept Betty."

■ In situations such as this with conflicting claims and interests calculated to obscure and interfere with what is best for the child, the trial judge must be allowed broad discretion in deciding the custody of a child. "He has an opportunity to observe and evaluate the personalities of the contending claimants, to weigh the credibil-

ity of their testimony, to assess the physical, mental, moral and emotional needs of the child, and to adjudge from personal observation which of the claimants can best meet the needs of the child. His judgment should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him." Mumma v. Aguirre, (Tex.Sup., 1963) 364 S.W.2d 220, 223.

■ We have reviewed the entire record, and we hold that there is no abuse of discretion.

There are other points and contentions. They are without merit and are overruled.

Affirmed.