James Ernest WILKINSON, Appellant,

v.

Luise B. "Wilkinson" EVANS, Appellee.

No. 18391.

Court of Civil Appeals of Texas, Dallas.

Oct. 17, 1974.

Rehearing Denied Nov. 7, 1974.

James P. Finstrom, Dallas, for appellant.

Alfred J. Jackson, Jr., Fort Worth, for appellee.

CLAUDE WILLIAMS, Chief Justice.

James Ernest Wilkinson appeals from a judgment of the Domestic Relations Court denying his petition for change of custody of two minor children. We affirm.

Appellant and appellee, his former wife Luise B. Wilkinson (now Luise B. Evans) were divorced on April 11, 1967. The custody of the children of the marriage, Lawrence Arnold Wilkinson, age 17, and Walter Randall Wilkinson, age 15, was awarded to the mother, subject to the father being being given reasonable visitation privileges and to pay child support in the amount of $100.00 per month. Thereafter on October 4, 1973, the father filed a petition in the Domestic Relations Court seeking a change in the custody of his two sons alleging that appellee mother had been guilty of neglect and failure to care for said children.

In response to appellant's petition, appellee filed a verified answer in which she alleged that since the date of the divorce appellant had seen his sons only five times; that he was a very nomadic, irresponsible person who kept his address and whereabouts a secret; that he was $8,750.00 in arrears on child support payments; and that there existed no substantial, material changes in circumstances, conditions, and environment which would support a change in custody. Appellee's husband, and her two sons, filed sworn answers supporting appellee's contentions. The boys stated that they did not want to live with their father and asked the court to deny the application for change of custody.

On October 10, 1973 the Judge of the Domestic Relations Court appointed the Dallas County Juvenile Officer to investigate the homes, environment, family life, plans and circumstances, and conditions of both appellant and appellee to ascertain what was for the best interest and welfare

of the two children. A written report was filed with and considered by the trial judge.

On January 21, 1974 the matter was heard by the court, without a jury, who decided to interview the two boys in his chambers to ascertain their wishes as to their conservator. After hearing this testimony and based upon the pleadings, the report of the Juvenile Officer, the court found that there existed no substantial or material change in conditions or circumstances which would support a change of custody and that it would be for the best interest and welfare of the two children that their custody remain with their mother. Judgment was so rendered as well as decreeing appellant in contempt for being in arrears in the amount of $8,750.00 in child support payments.

In his first point of error, appellant charges that the trial court erred when it interviewed the children in chambers to ascertain their wishes without causing a record of the interview to be made.

Appellant brings forward no statement of facts. The record contains no findings of fact or conclusions of law. In support of his first point appellant states only that: "Said petition was denied after the trial court interviewed said children in chambers to ascertain their wishes as to their conservator. Appellant maintains that this violated Article 14.07, V.T.C.A., Family Code." Appellant brings forward no bill of exception or stipulation which would throw any light on his contention. Appellee, in her brief, makes a statement that the trial court, after reading the investigator's written report, decided to interview the two boys in his chambers to ascertain their wishes as to their conservator. It is related that both boys were administered the oath and that while under oath they testified to questions propounded to them by the judge and also by both attorneys. This statement is not challenged by appellant either in brief or in oral argument before this court. The trial court's decree recites that there was a "chamber interview of the two children who are each over

age fourteen years expressing their desire to remain with and in the custody of their mother, Luise B. "Wilkinson" Evans . . . ."

Appellee concedes in her brief that no written record of the chamber interview was made by the court and states that neither appellant nor his attorney made a request that the testimony of the children be recorded. The record fails to reveal any objection made by appellant or his attorney concerning the failure of the trial court to have the testimony recorded. In his motion for new trial appellant states generally: "The trial court generally has failed to comply with the provisions of the new Family Code in determining the managing conservator of the children of plaintiff and defendant."

Section 14.07 of the Texas Family Code, as amended (1973, 63rd Legislature, effective January 1, 1974) provides in Subdivision (c) thereof that: "The court may interview the child in chambers to ascertain the child's wishes as to his conservator. The court may permit counsel to be present at the interveiw. The court shall cause a record of the interview to be made and to be made part of the record in the case." The case was tried January 21, 1974.

Appellant takes the position that the last sentence of the amended article quoted above is mandatory and that the failure of the trial court to require the children's testimony in chambers to be recorded and made a part of the record constitutes fundamental error which cannot be waived.

Appellant's contentions presented in his first point of error cannot be sustained.

■ The appellant waived the error by failing to timely object. It is apparent that the legislature, by enacting § 14.07(c) of the Family Code, clearly intended that the testimony of a child or children given in chambers should be recorded and made a part of the record in the case. We do not approve of the failure of the trial court to require the testimony of the two minor

children taken down by the court reporter and reduced to writing as a part of the record. However, appellant and his attorney participated in the proceedings held in the court chambers without raising any objection or protest to the failure to comply with the particular terms of the Code. The error, if any, was waived.

■ Appellant argues that the provision of the Code relating to the recordation of the testimony of the minors given in chambers is fundamental and that any violation thereof cannot be waived. We cannot agree. In Schafer v. Stevens, 352 S.W.2d 471 (Tex.Civ.App.—Dallas 1961, no writ) we had occasion to review and discuss the question of fundamental error. We there held that fundamental error is now rare indeed except when the error involves matters of public interest and the record affirmatively and conclusively shows lack of jurisdiction. *See* Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947); McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957); and Greenhill, Presentation of a Case to the Supreme Court of Texas, 38 Texas L.Rev. 538, 541 (1960). We do not consider the instant case as falling within the rule of true fundamental error. This being true the error may be waived and was waived in this case.

In Whatley v. Whatley, 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ), we considered a child support case in which complaint was made that the testimony was not recorded and no statement of facts presented on appeal. The record in that case demonstrated that the case had proceeded to trial without an official court reporter in direct contravention of Tex.Rev. Civ.Stat.Ann. art. 2324 (Vernon 1971) which provided that each official court reporter *shall* attend all sessions of the court and take full shorthand notes of all oral testimony. While we expressly disapproved the trial court's action in proceeding without the reporter in disregard of the statute and said that a record should be made of all testimony in the trial court regardless of the parties' willingness to dis-

pense with it, we held that a party seeking reversal of a judgment cannot so easily excuse himself from his burden of presenting a record demonstrating error. We held that appellant had failed to show that he had timely objected in the trial court and consequently waived the error.

In Robinson v. Robinson, 487 S.W.2d 713 (Tex.1972) the Supreme Court, in a child custody case, expressly held that it was not reversible error for the trial court to receive the testimony of a witness (not the minor involved) without having the same recorded by the court reporter. Justice Walker, speaking for the Supreme Court, pointed out that the respondent did not object to the in-chambers hearing and that the error was not so fundamentally wrong or unfair as to require a reversal in the absence of objection or exception.

■ Appellant made no effort to secure the testimony of the two minor children given in chambers by other means and methods provided by law. As in *Whatley, supra,* appellant does not show that he could not have obtained a statement of facts by following the procedure outlined by Texas Rules of Civil Procedure, rules 377, 378. These rules expressly provide that a statement of testimony may be produced in narrative form either by agreement or by the trial court. Appellant in this case has not demonstrated that he was deprived of a statement of facts through no fault or negligence of his own and that he attempted without success to obtain such a condensed statement as provided by these rules. Robinson v. Robinson, 487 S.W.2d 713 (Tex.1972). Consequently, the error is harmless. Tex.R.Civ.P. 434.

Appellant's first point is overruled.

In his second point appellant argues that the trial court committed error when it denied his petition to change custody because the best interests of the children involved required that it be granted.

■ It is well settled that in determining what is best for the children of divorced parents in a custody suit the trial

court's judgment will not be disturbed by the appellate court unless there is clear abuse of discretion. Erwin v. Erwin, 344 S.W.2d 923 (Tex.Civ.App.—Dallas 1961, no writ). Of course, it must appear from the record as a whole that there was abuse of discretion before the judgment will be disturbed. Mumma v. Aguirre, 364 S.W.2d 220 (Tex.1963); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); and Robinson v. Ashner, 364 S.W.2d 223 (Tex.1963). Appellant, seeking to change the custody of his children, had the burden to prove that conditions have so changed since the divorce decree that to leave the custody with the mother would be injurious to the welfare of the children. Holloway v. Allison, 494 S.W.2d 612, 614 (Tex.Civ.App.—Tyler 1973, no writ); 20 Tex.Jur.2d Divorce and Separation § 370, at 691 (1960). Since we have no record showing such a change of conditions the point is overruled.

The judgment of the trial court is affirmed.