Marion E. ADAMS, Appellant,

v.

Alan Ray ADAMS, Appellee.

No. 6423.

Court of Civil Appeals of Texas,

El Paso.

Feb. 5, 1975.

William B. Smith, Midland, for appellant.

John R. Lee, Kermit, for appellee.

## OPINION

OSBORN, Justice.

This case results from a divorce action in which the trial Court, sitting without a jury, granted Appellee a divorce and appointed him as managing conservator of the parties' two young children, a boy, three years old, and a girl, two years old. Appellant was appointed possessory conservator, with possession of the children for six hours on two Sundays each month, five days for Christmas every other year, and one month out of every summer. The trial

Court also divided the community property. We affirm.

The Appellant first contends that there being no evidence that she is an unfit person to have custody of her children of tender years the trial Court committed reversible error in awarding custody to the father. The Appellee testified and also called four other witnesses, including his mother, who lives with him and helps take care of the children, and his former church pastor. This evidence showed the Appellee to be a stable person, regularly employed, who maintained a good home for the children and who provided for their religious training. In fact, Appellant's attorney stipulated that Appellee has a good character and is a good father.

The Appellant also testified and she called two other witnesses in her behalf on the issue of custody of the children. Appellee does not contend that Appellant is an unfit person to have custody of the parties' children.

In many cases, the Courts of this State have held that there is a preference for the mother in awarding the custody of young children. Spitzmiller v. Spitzmiller, 429 S.W.2d 557 (Tex.Civ.App.—Houston (1st Dist.) 1968, writ ref'd n. r. e.) ; Longoria v. Longoria, 324 S.W.2d 244 (Tex.Civ.App.—San Antonio), writ dism'd w. o. j., 160 Tex. 134, 327 S.W.2d 453 (1959). But such preference does not have the effect of a legal presumption. Erwin v. Erwin, 505 S.W.2d 370 (Tex.Civ.App.—Houston (14th Dist.) 1974, no writ).

This case was decided under the provisions of the Texas Family Code, V. T.C.A., and Section 14.01(b), in part, provides:

"In determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent."

One of the reasons given for such provision in the Statute was a concern by the Legislature that fathers were disfavored in custody cases in Texas. 5 Tex.Tech L.Rev. 425. The Court in a footnote in the Erwin case suggests that the new code provision effectively destroys the preference for the mother in a child custody case. Without having to conclude that this is necessarily good or a step forward, we agree that the effect of the new code provision is to put both parents on an otherwise equal plane in a child custody case, and thus remove a preference for the mother. But in any event, Section 14.07, Tex. Family Code Ann., provides that the best interest of the child shall always be the primary consideration of the Court. This, of course, has always been the basic consideration in child custody cases.

Certainly the trial Court is afforded a wide discretion in child custody cases, and its judgment will not be disturbed on appeal unless a clear abuse of discretion is shown. Renfro v. Renfro, 497 S.W.2d 807 (Tex.Civ.App.—Waco 1973, no writ) ; Harrison v. Harrison, 495 S.W.2d 1 (Tex.Civ.App.—Tyler 1973, no writ). Even before passage of the provision which prohibits a preference for the mother, it was not error to award custody to the father where the mother was not an unfit person to have custody of the children. Erwin v. Erwin, supra; Minjarez v. Minjarez, 495 S.W.2d 630 (Tex.Civ.App.—Amarillo 1973, no writ) ; Watts v. Watts, 390 S.W.2d 30 (Tex.Civ.App.—El Paso 1964, writ ref'd n. r. e.). Even as to a third party, a natural parent may be denied custody of children, without a determination that such parent is unfit, where such is in the best interest of the children. De La Hoya v. Saldivar, 513 S.W.2d 259 (Tex.Civ.App.—El Paso 1974, no writ).

Our review of the record in this case causes us to conclude that the evidence clearly supports the trial Court's finding, and the best interest of the children compelled the award of custody to the father, even of children of tender years,

**504**

and even though the mother was not unfit. The Appellant's first point of error is overruled.

By the second point of error, Appellant contends that the judgment is void on its face because it fails to state the relevant facts on which the findings and orders are based with regard to child custody. Section 11.16, Tex. Family Code Ann., provides that the decree in a suit affecting the parent-child relationship shall recite, among other things, "relevant facts on which the findings and orders are based." In this case, the decree recites, in part:

"The Court finds that the best interest of the children will be served by appointing Alan Ray Adams as Managing Conservator, * * *.",

and

"The Court finds that the best interest of the children will be served by appointing Marion E. Adams as a Possessory Conservator of the children."

One commentary suggests that this provision of the Texas Family Code states prior law without substantive change. 5 Tex.Tech L.Rev. 411. While the better practice may be to recite in the divorce decree certain basic facts upon which the trial Court's determination is made, where the evidence supports the finding, and the decree recites that it is based upon "the best interest of the children," we do not believe that the judgment is void. Certainly any error in this regard in this case is harmless. Rule 434, Texas Rules of Civil Procedure. While it is not true of this case, there are divorce and custody cases in which the facts are sordid, and they should not all be placed in a judgment for future reference by the children of the marriage, other members of the family, and the public. The Appellant's second point of error is overruled.

The judgment of the trial Court is in all things affirmed.