Anthony Angela TYE, Appellant,

v.

Charles Allen TYE, Appellee.

No. 1048.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 31, 1975.

Rehearing Denied Jan. 30, 1976.

Martin J. Grimm, Houston Legal Foundation, Houston, for appellant.

Michael S. Thorne, Thorne, Avery & Greer, Houston, for appellee.

## OPINION

BISSETT, Justice.

This appeal arose out of a divorce action brought by Charles Allen Tye, petitioner, against Anthony Angela Tye, respondent. The case was tried before the court without a jury. Charles Allen Tye was granted a divorce from Anthony Angela Tye, and was named managing conservator of Rebecca Alline Tye, their only child. Anthony Angela Tye has appealed from that portion of the judgment which appointed Charles Allen Tye managing conservator of the child.

The parties were married on April 24, 1971. The child, Rebecca Alline Tye, was born on June 8, 1972, in Houston, Texas. The parties separated and ceased living together as husband and wife on February 7, 1974. The petition for divorce was filed on March 8, 1974. Appellee alleged in his petition that it was in the best interest of the child that he be given the permanent care, custody and control of the child. Appellant answered by a general denial, which was filed on September 13, 1974. Judgment was signed on March 25, 1975.

Appellant did not appear in person at the trial, but she was represented by counsel. She did not offer any evidence in her behalf. She did, prior to trial, answer certain interrogatories which were propounded to her by appellee. These answers were introduced into evidence by appellee. None of the answers are relevant to any issue presented by this appeal. Appellee, who is employed as a stationary engineer for the U. S. Merchant Marine, and whose port of call (his home port) was Houston, Texas, at the time of trial, was the only witness in the case. He was cross-examined by counsel for appellant. At the conclusion of appellee's testimony, the trial court granted appellee's petition for divorce and appointed him managing conservator of the child, and named appellant possessory conservator with certain visitation rights.

The following findings of fact were made by the trial court relevant to the issue of custody of the child: that appellee can and will secure permanent employment in Houston, Texas; that appellant did not seek or administer proper medical care to Rebecca Alline Tye; that the two-story house in Baltimore, where appellant lived, has a fairly steep staircase on which the child is permitted to play; that the child is some-

times neglected; and, that appellee's parents, who are self-employed, will help appellee take care of the child. The court concluded that the best interest and welfare of the minor child Rebecca Alline Tye, would be served if appellee was named as her managing conservator.

The appellant, in her first point of error, contends that the trial court erred in appointing appellee permanent managing conservator because there is no evidence to sustain such action. She argues that the record contains no probative evidence which *conclusively* demonstrates appellee's fitness and appellant's lack of fitness. She further argues that the court was prohibited from lending weight to the only evidence offered to prove appellee's fitness and appellant's unfitness, because such evidence is hearsay.

When confronted with a point of error based on "no evidence", this Court must consider only that evidence and those inferences which support the court's findings in a light most favorable to such findings, and must reject all evidence and references contrary to the findings of the trial court. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 362–363 (1960).

Specifically, the appellant is claiming that there is no evidence to support the several specific findings of fact made by the trial court which support the court's conclusion of law that it was in the child's best interest that appellee be appointed managing conservator. The first finding of fact complained of is the finding that appellee's parents are self-employed and will help him care for the minor child. Appellee testified that his parents were self-employed and that the child could stay in their home. Appellant's counsel did not object to this testimony. The testimony is not hearsay. The testimony is of probative value. The next finding appellant complains of is the finding that the appellant did not seek or administer proper medical care to the minor child. Appellee testified

that appellant failed to furnish the child with proper medical attention and care. Admittedly, such testimony is opinion evidence of an interested witness, but such evidence is not without probative value. It was not disputed by any other evidence. Appellant also complains of the findings that the home in which the child resided has fairly steep stairs on which the child is permitted to play, and that the child is neglected. The appellee testified as to the steepness of the stairs in appellant's mother's home; that the child was permitted to play on the stairs. This is testimony based on personal observation and is not hearsay. If this condition did not exist, the appellant had the burden of offering some evidence contrary thereto. This she did not do. Appellee also testified in some detail as to conditions which, in his opinion, indicated neglect of the child. Again, this is opinion evidence which was not contradicted. It is not without probative value. Under the record before this Court, such evidence could be considered by the trial court. Other findings of fact, about which appellant complains, have no relevancy on the question of the best interest and welfare of the child.

It is clear from the testimony offered at the trial that there was some evidence of probative value upon which the trial court could base the findings of fact which were made. The conclusion of law is adequately supported by evidence. Appellant's first point of error is overruled.

Appellant's second point of error is that there is insufficient evidence in the record to support the trial court's finding that appellee should be the permanent managing conservator of the child. It is appellant's contention that this finding is so against the great weight and preponderance of the evidence as to be clearly wrong. In disposing of a point of error which asserts factually "insufficient evidence", this Court must consider the entire record, weigh all the evidence, and reverse and remand the case only if it is so contrary to

the great weight and preponderance of the evidence as to be clearly wrong, and manifestly unjust and unfair. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ In awarding custody of a minor child in a divorce proceeding the courts of this State may not indulge any preference towards the mother. Tex. Family Code Ann., § 14.01(b) (1975) states:

"A parent shall be appointed managing conservator of the child unless the court finds that appointment of the parent would not be in the best interest of the child. In determining which parent to appoint as managing conservator, *the court shall consider the qualifications of the respective parents without regard to the sex of the parent.*" (Emphasis supplied.)

■ In *Adams v. Adams*, 519 S.W.2d 502 (Tex.Civ.App.—El Paso 1975, no writ), it was held that the effect of the above-quoted section of the Family Code "is to put both parents on an otherwise equal plane in a child custody case, and thus remove a preference for the mother". See also *Erwin v. Erwin*, 505 S.W.2d 370 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). Tex. Family Code Ann. § 14.07, provides, in part:

"(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child

. . .

(b) In determining the best interest of the child, the court shall consider the circumstances of the parents."

In awarding custody of minor children in a custody action, the principal concern of the courts of this State is the welfare and best interests of the children involved. *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex.Sup.1963); *McAnally v. McAnally*, 239 S.W.2d 154 (Tex.Civ.App.—Eastland 1951, writ ref'd); *Brown v. Brown*, 500 S.W.2d 210 (Tex.Civ. App.—Texarkana 1973, no writ); *Adams v. Adams*, supra.

■ The question of the custody of minor children is addressed to the sound discretion of the trial court when it is the trier of fact. It is in a better position than an appellate court to determine what will be in the best interests of the children since the trial judge faces the parties and their witnesses, observes their demeanor, and has the opportunity to evaluate the claims made by the parties, all of which are difficult to accurately weigh and determine by the mere reading of the statement of facts. In determining what is best for the minor children in a custody proceeding, the trial court's judgment will not be disturbed by an appellate court unless there has been a clear abuse of discretion. *Herrera v. Herrera*, 409 S.W.2d 395 (Tex.Sup.1966); *In re Y*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *Wilkinson v. Evans*, 515 S.W.2d 734 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

■ The findings of the trial court are binding on the appellate court in a child custody case unless they are so contrary to the great weight and preponderance of the evidence as to reveal a clear abuse of discretion. *In re Y*, supra. In the case at bar, there is no showing of an abuse of discretion which would justify any change by this Court in the judgment of the trial court which named appellee the managing conservator of his minor child, Rebecca Alline Tye. There is sufficient evidence to support the findings and judgment of the trial court. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.