Kathleen Janeba JOHNSON, Appellant,

v.

William Foster JOHNSON, Appellee.

No. 921.

Court of Civil Appeals of Texas,
Tyler.

April 15, 1976.

James R. Lewis, John Trube, Trube &
Tatum, Tyler, for appellant.

Dale Long, Tyler, for appellee.

McKAY, Justice.

This is a child custody case.

Appellant, Kathleen Janeba Johnson, and
appellee, William Foster Johnson, are the
parents of two minor children aged 9 and 11
years, respectively. Appellant was divorced
from appellee by decree dated September
10, 1975. Trial was to the court without a
jury and no findings of fact or conclusions
of law were requested or filed. The court's
decree dissolved the bonds of matrimony,
divided the property of the parties, and
awarded custody of the children. The de-
cree states, "The Court finds that the best
interest of the children will be served by
appointing William Foster Johnson as man-
aging conservator . . . ." According-
ly, appellee was appointed managing con-
servator of the children, and appellant was
appointed possessory conservator with spec-
ified rights of possession and visitation.
Appellant complains only of that portion of
the decree concerning custody of the minor
children.

Appellant's points three through
five assert that the trial court erred in
impliedly finding that appellant was not a
fit person to be managing conservator of
the minor children, that the evidence is

factually insufficient to support such an implied finding, and that such an implied finding is against the overwhelming weight and preponderance of the evidence. There is no basis for appellant's assertion that the trial court made such an implied finding. There is no express finding that appellant was not a fit person to be managing conservator. Moreover, an award of custody to the father does not necessarily imply that the mother was unfit to have custody of the children. *Adams v. Adams*, 519 S.W.2d 502 (Tex.Civ.App.—El Paso 1975, no writ). Points three through five are overruled.

Appellant's points one, two, six and seven allege in substance that the court abused its discretion in appointing appellee managing conservator rather than appellant. We disagree. Appellant argues that the court used the wrong tests in determining who should be appointed managing conservator and that the court allowed sympathy for appellee and antipathy toward appellant to have controlling weight in decreeing custody of the children.

Tex.Family Code Ann. sec. 14.07, makes it clear that in determining the question of managing conservatorship the best interest of the child shall always be the primary consideration of the court. Tex. Family Code Ann. sec. 14.01, provides that the court shall consider the qualifications of the respective parents without regard to sex of the parents in determining which parent to appoint as managing conservator.

It is well settled that the trial court is afforded a wide discretion in child custody cases, and the court's judgment will not be reversed unless a clear abuse of discretion is shown. *Ex parte Eaton*, 151 Tex. 581, 252 S.W.2d 557 (1952); *Adams v. Adams*, supra; *Lundstrom v. Lundstrom*, 516 S.W.2d 705 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Gibson v. Hines*, 511 S.W.2d 546 (Tex.Civ.App.—Waco 1974, no writ). Furthermore, the abuse of discretion must appear from the record as a whole before the judgment will be disturbed. *Wilkinson v. Evans*, 515 S.W.2d 734 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.).

There is testimony in the record reflecting favorably on each parent. Therefore, in examining the entire record we find testimony which supports the judgment of the trial court. Appellee testified that he loves the children. Appellant testified that appellee got along well with the children. Appellant also stated that prior to their separation appellee had been a good provider for the family. Appellee wants the children to attend church in the event he is awarded custody. The evidence shows that while the divorce was pending appellee took the children to a priest to determine if they were disturbed by the separation of their parents. Since the separation and while the children were temporarily in the custody of appellant, appellee spent as much time as possible with the children.

Appellee testified that he will hire a housekeeper to care for the children while he is at work. Furthermore, the paternal grandparents reside in the same town as the children and appellee. The children like their grandparents and the grandparents are readily available as babysitters. Appellee is finishing work on a graduate degree in marketing and finance. In addition, appellee offers the children financial stability in that he has a ten per cent interest in a jewelry store owned by his parents. Appellee's father testified that after appellee finishes his graduate study there is a position waiting for him at the jewelry store at a salary of one thousand dollars ($1,000.00) per month.

In view of the evidence summarized above, we are of the opinion that the trial court did not abuse its discretion in appointing appellee managing conservator of the minor children. Appellant's points one, two, six and seven are overruled.

The judgment of the trial court is affirmed.