**In the Matter of the MARRIAGE OF Joe Neal STOCKETT and Doris Ann Stockett.**

**No. 8913.**

Court of Civil Appeals of Texas, Amarillo.

July 31, 1978.

Morehead, Sharp, Tisdel, White & Self, Edward L. Self, Plainview, for appellant.

Day, Owen, Lyle & Voss, Lanny R. Voss and Rudd F. Owen, Plainview, for appellee.

DODSON, Justice.

Joe Neal Stockett appeals from an order granting Doris Ann Stockett a divorce and appointing her managing conservator of their child. He contends the trial court abused its discretion in appointing Mrs. Stockett managing conservator and in failing to interview the child in chambers during custody hearings. He also asserts that the trial court erred in granting the divorce. Affirmed.

In his point of error attacking the divorce decree Mr. Stockett maintains that it was based on insufficient evidence. Section 3.01 of the Texas Family Code permits divorce without regard to fault, "if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation."

Mr. Stockett contends the marriage was not shown to be insupportable and that a reasonable expectation of reconciliation exists. In support of his claim, he says there is a detectable hesitancy on the part of Mrs. Stockett about obtaining the divorce, which is reflected in her statement prior to the hearing that she would "think about" reconciliation. However, Mrs. Stockett proceeded with the hearing and responded "No, sir" when asked, "Is there any hope in your mind that you will be able to reconcile the differences that you and Joe have and reconcile your marriage?" In fact, Mr. Stockett acknowledged in his testimony at the second hearing that "I think every time

I approached her for a reconciliation she said, 'No way.'"

The sufficiency of evidence necessary to satisfy the requirements of section 3.01 is left to the discretion of the trial court and every presumption is indulged in favor of the judgment. *Baxla v. Baxla,* 522 S.W.2d 736, 739 (Tex.Civ.App.—Dallas 1975, no writ). We have reviewed and considered all of the evidence in the record and find such evidence sufficient to support a conclusion by the trial court that the marriage had become insupportable and lacked any reasonable hope of reconciliation. *See Baxla, supra,* at 738–39. Appellant's third point of error is overruled.

Mr. Stockett also asserts that the trial court abused its discretion in declining to interview the couple's five and one-half year old child during the custody hearing. The trial judge *may* confer in chambers with a child under the age of twelve to ascertain the child's desires concerning appointment of a conservator. Tex.Family Code Ann. § 14.07(c)(Supp.1978). Under the Family Code, an interview with a child under the age of twelve is not mandatory and the results of the interview, if had, "shall not alter or diminish the discretionary power of the court." In the case before us, any stated preference by the child, if she was of sufficient maturity to make such a judgment, would not be binding on the court and would amount to no more than other evidence to be weighed by the court in determining the ultimate custody issue.

In declining the father's requested interview of the child, the trial judge explained that he did not want a child of the tender age of five and one-half thinking, consciously or subconsciously, that she contributed to the decision of which parent was appointed her managing conservator. Under the circumstances, we conclude that the trial court did not abuse its discretion in declining to interview the child. Appellant's second point of error is overruled.

In addition, Mr. Stockett contends that the trial court's decision to appoint the child's mother as managing conservator was so against the great weight of the evidence as to be an abuse of discretion. In determining the custody of minor children, the primary consideration of the courts of this state is the welfare and best interests of the children involved. *Mumma v. Aguirre,* 364 S.W.2d 220, 221 (Tex.1963); *Johnson v. Johnson,* 536 S.W.2d 620, 621 (Tex.Civ.App. —Tyler 1976, no writ); Tex.Family Code Ann. §.14.07(a) (Supp.1978). The determination of this question is addressed to the sound discretion of the trial court when it is the trier of fact, and the appellate court will not disturb the decision of the trial court unless there has been a clear abuse of such discretion. *Mumma v. Aguirre, supra: Herrera v. Herrera,* 409 S.W.2d 395, 396 (Tex.1966); *Wilkinson v. Evans,* 515 S.W.2d 734 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.).

On July 7, 1977, the trial court first heard this matter. There was sufficient evidence for the court to conclude that Mrs. Stockett is a conscientious parent; that the relationship between her and the child is very good; that the child is stable and well adjusted; that the results of psychological tests conducted on Mrs. Stockett, at her request, indicated no inability on her part to take care of the child; and that the child is well taken care of.

Following the hearing on July 7, 1977, the court announced that Mrs. Stockett was appointed managing conservator. Before the court entered judgment on the matter, Mr. Stockett moved to modify the managing conservatorship claiming a material and substantial change of circumstances since the hearing. He alleged that the mother was engaging in an adulterous relationship with a male companion which jeopardizes the child's emotional health.

On October 28, 1977, the trial court heard the motion to modify the conservatorship. The evidence showed, among other things, that the mother was permitting her male companion to live in the house with herself and the child. The mother testified that she and her male companion plan to be legally married as soon as possible; however, in the meantime they had exchanged

wedding vows with each other privately. Also, the male companion's brother, his wife and their six year old child were temporarily residing in Mrs. Stockett's house until they were financially able to obtain their own place.

A psychologist expressed his opinion that the mother's involvement in a serious relationship with a male companion, whether they be married or not, so soon after the divorce, created a higher risk for possible emotional instability in the child. However, the evidence failed to show any immediate change in the child's conduct or her physical or emotional stability.

In fact, the trial court found, in overruling Mr. Stockett's motion to modify the custody, "that circumstances have not materially and substantially changed so as to endanger the physical health or significantly impair the emotional development of the child."

■ The modification of an order or decree appointing a managing conservator may be granted only on a showing that the circumstances have materially and substantially changed. These changes must be such that the retention of the present managing conservator would be injurious to the child's welfare, and the appointment of a new managing conservator would be a positive improvement for the child. Tex.Family Code Ann. § 14.08(c)(1) (Supp.1978). However, modification is not required under such circumstances unless a denial of the change would constitute an abuse of the trial court's discretion. *Mumma v. Aquirre, supra; Herrera v. Herrera, supra; Wilkinson v. Evans, supra.*

■ We have reviewed all of the evidence in the record and conclude that the trial court did not err in appointing Mrs. Stockett managing conservator of the child or in overruling Mr. Stockett's motion to modify the managing conservatorship.

Appellant's first point of error is overruled.

Accordingly, the judgment of the trial court in all things is affirmed.