Josefina ALTAMIRANO, Appellant,

v.

Jose Florentino ALTAMIRANO,
Appellee.

No. 1563.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 29, 1979.

Robert L. Joseph, Sinton, for appellant.
James M. Whitten, Sinton, for appellee.

## OPINION

NYE, Chief Justice.

This is a child custody case which arose out of a divorce action originally brought by the father, Jose Florentino Altamirano, petitioner, against his wife, Josefina Altamirano, respondent. After a non-jury trial, the trial judge granted the divorce and named the father managing conservator of their two young children, a boy, Jose Florentino Altamirano, Jr., born October 17, 1977, and a girl, Lori Altamirano, born September 29, 1978. Josefina Altamirano appeals from that portion of the divorce decree. naming the father managing conservator of the children.

The parties were married in early 1977, and separated the following November, approximately one month·after the birth of Jose, Jr. After the original divorce petition was filed on December 1, 1977, the trial judge entered temporary orders requiring the parties to seek marital counseling and naming the mother temporary managing conservator during the pendency of the proceeding. The parties' second child, Lori, was born approximately ten months after the original divorce petition was filed. At the divorce hearing, each parent sought to be named managing conservator of the children. After hearing the testimony of the parties and receiving into evidence a "social

study," (which reported the results of a social worker's investigation into the circumstances and conditions of the children and of the home environments of the respective parties), the trial judge entered a decree of divorce naming the father managing conservator of the children and naming the mother possessory conservator of the children with specified visitation privileges. No findings of fact or conclusions of law were requested or filed.

■ In her first two points of error, appellant attacks the trial court's managing conservatorship designation on legal and factual sufficiency grounds. Where, as here, no findings of fact were requested or filed, the appellate court must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.Sup.1968). In such a case, all fact findings raised by the evidence which are necessary to support the judgment are implied in favor of the trial court's judgment. In determining whether there is any evidence to support the judgment, the appellate court must consider only that evidence that is most favorable to the issue, disregarding all contrary evidence thereto. *Renfro Drug Co. v. Lewis*, 235 S.W.2d 609 (Tex.Sup.1950); *In Re King's Estate*, 244 S.W.2d 660 (Tex.Sup.1951).

■ Section 14.01 of the Texas Family Code expressly provides that in determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent. Tex.Fam. Code Ann. § 14.01 (1972). This section "is to put both parents on an otherwise equal plane in a child custody case, and thus remove a preference for the mother." *Adams v. Adams,* 519 S.W.2d 502 (Tex.Civ.App.— El Paso 1975, no writ). See *Tye v. Tye*, 532 S.W.2d 124, 127 (Tex.Civ.App.—Corpus Christi 1975, no writ). In determining the question of managing conservatorship, the welfare and best interest of the children shall always be paramount and the primary consideration of the court. Tex.Fam.Code Ann. § 14.07 (1972), provides in part:

"(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child.
. . .

(b) In determining the best interest of the child, the court shall consider the circumstances of the parents."

■ We have carefully reviewed all of the evidence presented in this case and find that there is ample evidence to support the trial court's action in naming the father managing conservator of the children. Appellant's points of error one and two are overruled.

Actually, the evidence in this case would support the appointment of either parent as managing conservator. In summary, there is evidence that each parent loves the children and would provide adequate care for them. They are both good people. The social study recommended that the children remain with their mother only because they were living with her at the time of the divorce. In the investigator's opinion, to remove them to the father's home after the divorce would not provide such additional benefits as would warrant disrupting their present living patterns. On the other hand, there is evidence in the record from which the trial judge could have reasonably concluded that the children would be placed in an even more stable family environment if the father were named managing conservator. The father had a steady job and had completed an automotive mechanics' course. In addition, he could offer the children a family environment and the assistance of his aunt and uncle, who had raised him, and with whom he lived. The mother, by contrast, was uneducated and totally unskilled. The family support and environment that she had to offer were not as stable as the father's.

■ The matter of determining who should be appointed managing conservator of Jose Florentino Altamirano, Jr. and Lori Altamirano was addressed to the sound discretion of the trial judge as the trier of

fact. The trial judge is in a better position than the appellate court to determine what will be in the best interests of the children since the trial judge faces the parties and their witnesses, observes their demeanor, and has the opportunity to evaluate the claims made by each of them. In determining what is best for the minor children in a custody proceeding, the trial court's judgment will not be disturbed by an appellate court unless there has been a clear abuse of discretion. *Herrera v. Herrera*, 409 S.W.2d 395 (Tex.1966); *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex.1963); *Wilkinson v. Evans*, 515 S.W.2d 734 (Tex.Civ.App.—Dallas 1974, n. r. e.); *Tye v. Tye*, 532 S.W.2d 124 (Tex. Civ.App.—Corpus Christi 1975, no writ).

Under the record before us, we cannot say that the trial judge abused its discretion in appointing the father managing conservator of the children. See *Fergus v. Fergus*, 547 S.W.2d 51 (Tex.Civ.App.—Eastland 1977, no writ); *Johnson v. Johnson*, 536 S.W.2d 620 (Tex.Civ.App.—Tyler 1976, no writ); *Tye v. Tye*, 532 S.W.2d 124 (Tex.Civ. App.—Corpus Christi 1975, no writ); *Adams v. Adams*, 519 S.W.2d 502 (Tex.Civ. App.—El Paso 1975, no writ). Appellant's points of error three and four are overruled.

The judgment of the trial court is affirmed.