**In the Interest of J.W., a Child.**

No. 07–81–0173–CV.

Court of Appeals of Texas,
Amarillo.

Dec. 17, 1982.

Rehearing Denied Jan. 4, 1983.

West Texas Legal Services, Marvin Rogers, Lubbock, for appellant.

Brown, Harding, Fargason & Brown, Ray Fargason and Kathleen W. Billingsley, Jack Stoffregen, Lubbock, attorney ad litem, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Patricia Chandler brings this appeal from an order modifying a divorce decree between appellant and L.G. Worthington, Jr. by the appointment of appellee Jonnie Worthington as managing conservator of J.W., the only child born to the dissolved marriage. Appellee is the paternal grandparent of the child involved. For reasons hereinafter expressed, we affirm the judgment of the trial court.

A statement of the troubled history of this conservatorship is necessary to a proper discussion of the case. Appellant and L.G. Worthington Jr. were married on November 19, 1974. J.W. was born on November 27, 1977. On April 12, 1979 appellant filed suit for divorce. The divorce decree was entered on June 14, 1979, and, in it, appellant was appointed J.W.'s managing conservator and L.G. Worthington Jr. was appointed possessory conservator. Appellee was not a party to the original divorce decree nor was she given visitation rights. On July 15, 1979, L.G. Worthington Jr. filed an application to have the Lubbock County Children's Protective Services Unit, herein called Protective Services, appointed as J.W.'s temporary managing conservator. Based upon this application, the court entered an ex parte order appointing appellee temporary managing conservator pending further hearing. On August 1, 1979, an agreed order was entered appointing Protective Services as temporary managing conservator with L.G. Worthington Jr. and appellant as temporary possessory conservators.

On November 1, 1979, appellee filed an application asking her appointment as managing conservator. On November 8, 1979, the court, in an order to which appellant agreed, appointed Jeanell Edwards, a Protective Services supervisor, as temporary managing conservator but placed the child in the home of appellee except for eleven days each month when he was to be in the home of his maternal grandmother for visitation by appellant. While that exact wording was not used, it is apparent that the effect of this order was the appoint-

ment of appellee, appellant and the maternal grandmother as possessory conservators.

On May 15, 1980, appellant filed a motion to have appellee held in contempt for failure to comply with visitation rights provided in the November 8, 1979 order. By order dated June 27, 1980, entered July 2, 1980, the hearing on this motion was continued until July 17, 1980. On July 2, 1980 a motion was filed by appellee asking that appellant be held in contempt and further asking for modification of the November 8, 1979 order by terminating custodial and visitation rights of appellant and her mother Mrs. Bryant. Next appears an instrument headed "Answer to Motion to Vacate Prior Order" filed July 7, 1980 in which appellee recites that she joins with appellant in requesting the removal of Protective Services as managing conservator but asks appointment of appellee as managing conservator and for termination of appellant's visitation rights. On July 24, 1980, an order dated July 17, 1980 and entered on July 24, 1980 purported to dispose of the contempt motions filed by both appellant and appellee by appointing appellee as temporary managing conservator and defining visitation rights of appellant as possessory conservator. On March 16, 1981, appellee asked modification of the July 17, 1980 order as far as appellant's visitation rights are concerned. After answer filed by appellant and hearing on March 26, 1981, a temporary injunction dated April 3, 1981 was entered restricting appellant's visitation rights. On April 10, 1981, appellant filed another answer and for the first time requested dismissal of appellee's motion to modify disposition because of an alleged lack of standing on the part of appellee to bring such an action. The motion to dismiss was overruled by the court and the case proceeded to trial resulting in the order from which this appeal is brought.

Appellant raises one point of alleged error. In it she again asserts that appellee had no standing to seek the change in managing conservatorship in which appellee was successful. In argument under this point she asserts that since appellee was not an original party to the divorce suit, under the authority of this court's 1981 decision in *Pratt v. Texas Department of Human Resources,* 614 S.W.2d 490, (Tex.Civ.App.— Amarillo 1981, writ ref'd n.r.e.), she had no standing to bring the action in question.

■ Tex.Fam.Code Ann. Sec. 14.08 provides that a court may modify a decree providing for appointment of conservator when made by "[a]ny party affected by the order or that portion of the decree to be modified." On July 25, 1979, when L.G. Worthington Jr. filed his motion to modify the divorce decree there can be no question as to his right to do so. On that date appellee was brought into the case when the court, on its own motion as far as the record shows, appointed her as temporary managing conservator of J.W. In doing this, the court was acting within its authority. See *Gibson v. Hines,* 511 S.W.2d 546 (Tex.Civ.App.—Waco 1974, no writ); *Adams v. Adams,* 519 S.W.2d 502 (Tex.Civ. App.—El Paso 1975, no writ). From that time forward, at least until April 10, 1981, appellee was recognized by the court and by all parties as an integral part of the conservatorship controversy. Appellee was appointed as either temporary managing conservator or temporary possessory conservator by the court orders dated July 25, 1979, November 1, 1979, November 8, 1979, July 24, 1980 and April 3, 1981. Indeed, the record shows appellant's specific approval on the order of November 8, 1979 in which appellee was appointed a possessory conservator of the minor child and which order, incidently, was never rescinded by the court. A managing conservator having been appointed, the court was again clearly acting within its authority is making such appointment. See sec. 14.03(d); *Barrientos v. Garza,* 559 S.W.2d 399 (Tex.Civ.App.— Dallas 1977, no writ); *In the Interest of L.L.K.,* 591 S.W.2d 626 (Tex.Civ.App.— Amarillo 1979, no writ); *In the Interest of K.L.M.,* 609 S.W.2d 314 (Tex.Civ.App.— Eastland 1980, no writ).

■ In *Pratt* this court concluded section 11.09 to be a legislative determination of the persons who have a relationship with

the child of sufficient legal dignity to be entitled to participate in an action involving the child.* Since July 25, 1979, and certainly by April 10, 1981, we think it evident that under various orders of the court appellee was not only a party to this suit but either a managing conservator or a possessory conservator; or a person having access to the child under court order. Any one of these classifications would, under *Pratt*, give appellee standing to assert a motion for modification of conservator.

Moreover, as pointed out by this court in *Pratt*, section 14.08(a) gives standing to "any party affected" by the order to be modified. We believe that at all times subsequent to being brought into this litigation by the court on July 25, 1979, appellee was a party affected by orders entered by the court within the purview of this section.

While appellee was not a party to the original divorce proceeding she was not, as was Mr. Pratt, a "legal stranger" to the child. *Pratt* should not be read as in any way limiting access to modification suits to the original parties alone. We think the statutes are quite clear that persons, such as appellee, who meet other statutory prerequisites may be eligible to seek conservatory modification.

Appellant's point of error is overruled and the order of the trial court affirmed.

* Section 11.09 (Vernon Supp.1982) provides in relevant part:

  (a) Except as provided in Subsection (b) of this section, the following persons are entitled to service of citation on the filing of a petition in a suit affecting the parent-child relationship:

(1) the managing conservator, if any; (2) possessory conservators, if any; (3) persons, if any, having access to the child under an order of this court;