**Bobbie Jean Dodson THOMPSON, Appellant,**

v.

**Sydney Smith RYLEE, Appellee.**

**No. 09 82 108 CV.**

Court of Appeals of Texas, Beaumont.

June 14, 1984.

Joe Farris, Beaumont, for appellant.

Keith Griffin, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellee, Sydney Smith, and her husband, Ronald E. Smith, divorced, and the former was given custody of their daughter, Heather Eileen. The actual date of the divorce does not appear in our record. On January 22, 1980, the order of custody was modified and the child's paternal aunt, Bobbie Jean Dodson (now Thompson), appellant, was named as managing conservator. Sometime later, the child's father was killed in an airplane crash. Appellee, the child's natural mother, remarried and brought suit below to regain Heather's custody. Trial was to a jury, which found (1) the circumstances of Heather or Mrs. Thompson have materially and substantially changed since the modification order of January 1980; (2) that retention of Heather by Mrs. Thompson would be injurious to the welfare of Heather; (3) appointment of Sydney, the mother, would be a positive improvement for the child. Judgment followed, appointing the mother, Sydney, managing conservator, from which the aunt, Bobbie Jean Dodson Thompson, has perfected appeal to this Court. Appellant has three points of error which all question the evidence to support the jury findings set out herein.

In a determination such as presented by this case, we are governed by *TEX.FAM. CODE Ann. sec. 14.07(a) and (b)* (Vernon 1975 and Vernon Pamph.Supp.1975 to 1983), as follows:

"[Sec.] 14.07. Best Interest of Child

"(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child....

"(b) In determining the best interest of the child, the court shall consider the circumstances of the parents...."

█ There is a rebuttable presumption that interests of a child are best served when custody is awarded to natural parents. *Interest of Barrera,* 531 S.W.2d 908 (Tex.Civ.App.—Amarillo 1975, no writ). The real party in interest here, and the controlling factor is Heather. *C___ v. C___,* 534 S.W.2d 359 (Tex.Civ.App.— Dallas 1976, writ dism'd). In determining this issue the trial court's judgment will not be disturbed unless it appears from the record that there was abuse of discretion. *Tye v. Tye,* 532 S.W.2d 124 (Tex.Civ.App.— Corpus Christi 1975, no writ); *Wilkinson v. Evans,* 515 S.W.2d 734 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

Our record does not reveal why the aunt, appellant, was named managing conservator in 1980, but there is no evidence whatsoever in our record to disqualify the mother, Sydney, as managing conservator, or which questions her character or love of her daughter, Heather.

█ These factors emerge from the evidence: After the modification order of January, 1980, the child's father was killed. The child never lived with the aunt, the managing conservator, but with her paternal grandparents who undoubtedly love and do the best they can for Heather. The aunt is unable to keep Heather herself since she has two children of a previous marriage. Appellee, the mother (Sydney), since her divorce, has worked her way up into a responsible and well paying job and is able to provide Heather with a good home and loving environment. Heather loves her mother and enjoys being with her. There is no conflict between Sydney's husband (T.J. Rylee) and Heather.

Under these circumstances, we believe the trial court's judgment, and the jury issues supporting it, comport with modification of orders, *TEX.FAM.CODE ANN. sec. 14.08* (Vernon Pamph.Supp.1975 to 1983).

All of appellant's points of error are overruled. The judgment of the trial court is affirmed.

Affirmed.