**Bobby GAY, Appellant,**

v.

**Beverly Ann GAY, Appellee.**

**No. 08–87–00072–CV.**

Court of Appeals of Texas,
El Paso.

Aug. 26, 1987.

Rehearing Denied Sept. 23, 1987.

Thomas M. Goff, San Angelo, for appellant.

Aubrey Edwards, Big Lake, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

OSBORN, Chief Justice.

This appeal from a divorce decree raises a question as to whether an award of custody of a small girl was based upon a preference for a mother, and whether there was pleading and proof to support an award for reimbursement from the hus-

band's separate estate to the community estate. We conclude there are no pleadings to support the claim for reimbursement and sustain only that contention. We affirm in part, and reverse and remand in part.

These parties were divorced on December 13, 1986, following a nonjury trial. They are parents of a daughter born August 2, 1983. The decree names the mother as managing conservator and the father as possessory conservator. The father, in his first point of error, contends custody was based upon consideration of the sex of the parents. Tex.Fam.Code Ann. sec. 14.01(b) prohibits consideration of the sex of the parents in naming a managing conservator. Our courts have recognized that this code provision removes the previously existing preference for the mother in awarding custody of young children and puts the parents on an equal plane in child custody cases. *Fettig v. Fettig,* 619 S.W.2d 262 (Tex.Civ.App.—Tyler 1981, no writ); *Adams v. Adams,* 519 S.W.2d 502 (Tex.Civ.App.—El Paso 1975, no writ).

In this case, the evidence reflected that neither parent was unfit to have custody of the child. The trial court recognized that both parents love this child and each is capable of properly raising the child.

The trial court, in announcing its decision at the conclusion of the evidence where both parties testified, said:

The law tells a judge that you can't determine conservatorship on the basis of sex of the parent, but it doesn't go behind the real matter and the concern of this court as to the best interest of the child. And the Court feels that a three-year old girl is a different matter from a three-year old boy.

I feel that the best interest of the child would be served by making the mother managing conservator, the father possessory conservator.

After announcing its decision granting the divorce and providing for visitation rights for the father, the court "talked" to both parents about raising this child and again said:

And the Court's feeling is the best interest with a little girl will be with the mother.

The Family Code provides that a parent is to be appointed managing conservator unless such appointment would not be in the best interest of the child. Tex.Fam. Code Ann. sec. 14.01(b). Then the legislature mandated:

In determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent.

But the primary consideration has always been the best interest of the child. *Legate v. Legate,* 87 Tex. 248, 28 S.W. 281 (1894); Tex.Fam.Code Ann. sec. 14.07(a). That issue is determined by considering the circumstances of the parents. Tex.Fam.Code Ann. sec. 14.07(b).

■ The legislature, in effect, has said to the trier of the facts, appoint a parent when selecting a managing conservator unless this would not be in the best interest of the child, but don't decide the best interest of the child issue based on the sex of the parents. We have recognized the legislative desire to put both parents on an equal plane. *Adams v. Adams, supra.* The problem is man and woman were not created alike or even equal in all respects, and all the laws and constitutional amendments in the world cannot change that fact. Can you really say to a trial judge who decides custody of a baby who is being breast-fed that he should not consider the sex of the parents? In any event, the trial court in this case decided custody on the basis of the best interest of the child, a three-year-old girl. The fact that it may have considered the sex of the child in deciding what would be in her best interest is not prohibited by the Family Code. We find no reversible error in its decision. There has been no abuse of discretion. *See: Tye v. Tye,* 532 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1975, no writ).

We recognize our decision comes very close to being contrary to the holding in *Glud v. Glud,* 641 S.W.2d 688 (Tex.App.—Waco 1982, no writ). Although the state-

ments of the trial judges in these two cases are certainly not identical, the beliefs of each may have been the same. Nevertheless, the decision in our case was announced as being based upon the best interest of the child and there is evidence to support that determination. Point of Error No. One is overruled.

 Appellant next asserts the trial court erred in awarding the wife reimbursement for community funds expended to make monthly payments for land which was owned by the Appellant as his separate property. A party seeking reimbursement has the burden of pleading and proving that the expenditures were made and that they are reimbursable. *Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1982). In this case, there was no pleading seeking reimbursement of community funds which were paid for the purchase of property owned by the Appellant as his separate property. We sustain Point of Error No. Two.

The judgment of the trial court is affirmed in all respects except as to the division of property and the award of reimbursement. The award of reimbursement is reversed, and that part of the judgment dividing the property and awarding reimbursement is severed from the remainder of the case, and that part of the case is remanded to the trial court for further consideration.