**Sheena Thomasson FILES, Appellant,**

v.

**James Daniel THOMASSON, Appellee.**

**No. B1999.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 14, 1979.

Joe J. Newman, Houston, for appellant.

No representation for appellee.

J. CURTISS BROWN, Chief Justice.

This is a suit under the Texas Family Code to alter the divorced husband's access

to his minor children, whose managing conservatorship is vested in the divorced wife. After a jury verdict and judgment below were rendered in favor of the father, the mother brought this appeal on the contention that there was no showing of a material change of circumstances as required by the Code.

James Thomasson (appellee) and Sheena Files (appellant) were divorced in 1976. Appellant was named managing conservator of the two minor children and appellee, as possessory conservator, was ordered to pay child support.[9] In March 1977, appellant and appellee voluntarily caused the entry of an order depriving appellee of any access to the children and also relieving him of any obligation to pay child support. Later in the same year appellee brought this suit to reestablish his right of access to the children, alleging a material change of circumstances since March 1977, and that it would be in the children's best interest to allow such access. The jury verdict and trial court judgment were in favor of appellee.

Section 14.08(a) of the Texas Family Code provides that:

> A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, or *access to*[1] a child may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship. Any party affected by the order or the portion of the decree to be modified may file the motion. . . .

Section 14.08(c)(1) provides that:

> After a hearing, the court may modify an order or portion of a decree that . . provides for the support of a child, sets the terms and *conditions for access* to or

possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if the *circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree* . . . .

Tex. Family Code Ann. § 14.08(a) and (c) (Supp.1978) (emphasis added). In making its determination, the court must adhere to section 14.07(a) which provides:

> The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and *access to* the child. . . .

Tex. Family Code Ann. § 14.07(a) (1975) (emphasis added).

The statute thus places on the party seeking to alter the prior order the burden to show first, that there has been change of circumstances of either the child or any person affected by the order; and second, that a change or modification of the prior order would be in the best interest of the child.[2]

Appellant, in her third point of error, contends there was no evidence to support the judgment. More specifically, the argument is that appellee failed to produce any evidence of a material and substantial change of circumstances since the entry of the March 1977 order. In reviewing this point, we will consider only the evidence favorable to the verdict and will disregard all evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965). When asked to list material changes that had occurred since the previous order, the appellee's only response was that he had remarried, and that his new wife was pregnant, and that he had moved into and rented his parents' house. These "changes" are

---

1. "Access to" a child has been determined to have the same meaning as visitation and the terms will be used interchangeably in this opinion. *Howard v. Pullicino*, 519 S.W.2d 254 (Tex. Civ.App.—Austin 1975, no writ).

2. Although we question the wisdom of requiring a material and substantial change of circumstances before a court may alter the access to a child, we are bound by the provisions of the statute. Prior to the enactment of the statute, it was unnecessary to show any change of circumstances in order to change visitation. *Rodgers v. Williamson*, 489 S.W.2d 558 (Tex. Sup.1973).

neither material nor substantial absent a showing of a relationship of such developments to the welfare of the children. The evidence that the children enjoy the visits and that the father subjectively wanted to see them, coupled with his desire that they become acquainted with the expected half-sibling, are not a material or substantial change of circumstances. Such evidence does bear on the question of the best interest of the children, which is the *second* evidentiary requirement. *See Becerra v. Garibaldo,* 526 S.W.2d 780 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n. r. e.).

Therefore, we hold that appellee presented no evidence of a material and substantial change of circumstances. We reverse the judgment of the trial court and render judgment for the appellant.

Reversed and rendered.