NATIONAL RESORT COMMUNITIES, INC.,

v.

Clyde H. HOLLEMAN et al.

No. 13015.

Court of Civil Appeals of Texas, Austin.

Jan. 23, 1980.

Rehearing Denied Feb. 27, 1980.

William Y. Fowler, IV, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Waggoner Carr, Carr & Harsdorff, Inc., Ken E. Mackey, Austin, for appellees.

SHANNON, Justice.

Appellees[1] sued appellant; National Resort Communities, Inc., in the district court of Travis County seeking damages or, alternatively, rescission of an executed contract for deed to Lot No. 4425 in appellant's subdivision. After trial to the court, judgment was entered by the court rescinding the contract and ordering appellant to make restitution to appellees in the sum of $6,898.00.

Appellees pleaded fraud as basis for rescission. By time of submission and oral argument in this Court, appellees had narrowed the foundation for their claim to the proposition that appellant's sales agent falsely promised that the dirt road leading to Lot No. 4425 would be paved immediately. In reliance upon the promise, appellees contracted for and obtained title to Lot No. 4425.

If the alleged fraud is premised upon a false promise, it must be shown that the promise was material; was made with the intention of not fulfilling it; was made to one with the purpose of inducing him to enter into a contract; and was relied upon by the person entering the contract. Tex. Bus. & Comm.Code Ann. § 27.01 (1968). Likewise, at common law, actionable fraud may be based upon a promise of future action with a present intention not to perform. *Stanfield v. O'Boyle,* 462 S.W.2d 270 (Tex.1971); *Chicago, T. & M. C. Ry. Co. v. Titterington,* 84 Tex. 218, 19 S.W. 472 (Tex. 1892).

Appellant maintains that the district court's implied findings of fraud are supported by no evidence or, alternatively, by insufficient evidence. The rules for consideration of "no evidence" and "insufficient evidence" points of error have been stated many times. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the judgment and consider only the facts and circumstances that tend to support the judgment. In reviewing factual sufficiency points of error, the court considers all of the evidence. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L. Rev. 361 (1960).

On March 23, 1974, appellant's agent, Alton O. McEver, showed appellees lots in appellant's subdivision in northwest Travis County. Appellees developed interest in Lot No. 4425 situated atop a hill. They questioned the agent about the rough road serving the lot. The agent, according to appellees, promised that the road would be paved and that paving work on the road would commence within a few days. Appellees testified that in reliance upon McEv-

---

1. Appellees are E. L. Mayes, Melva T. Mayes, and Clyde H. Holleman. E. L. Mayes and Melva T. Mayes are husband and wife, and Clyde H. Holleman is their son-in-law. Holleman's wife was a party to the suit, but she died before the cause was tried.

er's promise they signed on the same day a contract for deed to purchase Lot No. 4425 for the sum of $5,000.00.

The week following, appellees drove to the subdivision to view their new purchase. They testified that after they had signed the contract to purchase and before they revisited the subdivision, a hard rain had eroded the road serving Lot No. 4425 so that it was impassable by automobile or by foot. Later the same day appellees reported to appellant the condition of the road and requested that appellant repair it. Appellant's reply to the request was that it had ceased all development of the part of the subdivision where appellees' lot was situated. Appellant also rejected appellees' request that appellant rescind the contract and refund the money paid down.

Appellees' testimony was that they had later entreated appellant to pave the road, but that appellant had not done so. At trial time, the road was still unpaved.

Appellant's agent McEver denied that he made the promise to appellees. Other than the denial that a promise to pave was made, most of appellant's evidence reflects an effort to excuse its failure to pave the road. Appellant placed emphasis upon the fact that appellees had not chosen to build a house on their lot. Had appellees constructed a house on the lot, appellant's agents testified that appellant would have paved the road. Moreover, appellant's agents testified that the road had been graded several times in the intervening years and that, indeed, the lot was accessible by pickup truck.

■ In preceding paragraphs we set forth the relevant facts. Appellees' version of the facts was that McEver promised that the road would be paved and that the paving operation would begin within a day or two. The promise to pave was not conditioned upon appellees' construction of a house on their lot. The fact that appellant had graded the dirt road a few times and that its employee had reached Lot No. 4425 by pickup truck does not absolve appellant from the consequences of its fraud. The district court, by entry of judgment for

appellees, necessarily must have chosen to believe appellees' account of the facts. The fact finder, of course, is the judge of the credibility of the witnesses and the weight to be accorded their testimony. *Harrell v. Sunylan Co.,* 128 Tex. 460, 97 S.W.2d 686 (Tex.1936).

■ Rejecting all evidence contrary to the judgment and considering only the facts and circumstances tending to support the judgment, this Court has concluded that there is evidence in support of the district court's implied findings that the promise was made; that the promise was false; that it was material; that the promise was made with the object of inducing appellees to enter into the contract; and that appellees relied upon the promise. The denial by appellant's agent that he made the alleged promise is, alone, some evidence in support of the district court's implied finding that appellant had no intention to perform the contract when the contract was made. *Stanfield v. O'Boyle, supra; Bond v. Duren,* 520 S.W.2d 460 (Tex.Civ.App.1975, writ ref'd n. r. e.); *King v. Tubb,* 551 S.W.2d 436 (Tex.Civ.App.1977, no writ). This Court has further considered all of the evidence and is of the opinion that the implied findings by the district court in support of appellees' theory of appellant's fraud are not contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

■ Appellant complains also that there was insufficient evidence of damages shown by appellees. This was, of course, a suit for rescission. Although it is true that in suits for rescission some damage must be proved, there is no requirement that the amount of damages be shown. *Texas Industrial Trust v. Lusk,* 312 S.W.2d 324 (Tex. Civ.App.1958, writ ref'd). Appellees lost use and enjoyment of the property for the total time of ownership because, according to them, the road to the lot could not be negotiated. Appellee E. L. Mayes testified that, had appellant paved the road, the value of the lot would have been increased. Appellees succeeded in proving some dam-

age resulting to them from appellant's failure to pave the road, and in the view of this Court, appellees' showing of damages was sufficient to support entry of judgment for rescission.

In its trial pleading, appellant alleged that appellees' suit was barred by limitations. Appellant by its final points of error claim that the facts established that appellees' suit was barred by the two-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (1958).

Appellees signed the contract to purchase the lot on March 23, 1974, and according to their testimony they were told a week later that appellant would not pave the road. Appellees filed suit more than two years later, on June 16, 1976. At trial appellees made no effort to prove up a cause of action against appellant for damages for fraud. Instead, appellees elected to prove fraud as a basis for rescission and cancellation of the contract of sale.

Actions for damages for fraud are governed by the two-year statute of limitations, Art. 5526. *Blondeau v. Sommer,* 139 S.W.2d 223 (Tex.Civ.App.1940, writ ref'd); *Blum v. Elkins,* 369 S.W.2d 810 (Tex.Civ.App.1963, no writ). Suits for the cancellation or rescission of conveyances based upon fraud are governed by the four-year statute of limitations, Art. 5529. *Thomason v. McIntyre,* 113 Tex. 220, 254 S.W. 315 (1923); *Stroud v. Pechacek,* 120 S.W.2d 626 (Tex.Civ.App.1938, no writ). Because appellees' suit was one for rescission of the contract on the ground that its execution was induced by fraud, the four-year statute of limitations was applicable. Appellees' suit was filed well within the four-year period. Appellant's points of error are overruled.

The judgment is affirmed.