**Annette QUETON, Appellant,**

v.

**Hilton G. QUETON, Appellee.**

**No. 18562.**

Court of Appeals of Texas, Fort Worth.

Oct. 7, 1981.

Rehearing Denied Nov. 4, 1981.

 

## OPINION

JORDAN, Justice.

The parties were divorced in January, 1979 and appellant was named managing conservator of the two male children born of the marriage. In early 1980 appellee filed a motion to modify the previous managing conservator order. In January, 1981 after a trial to a jury on the motion, the trial court rendered judgment modifying the previous custody order and naming appellee managing conservator of the parties' two children. This appeal followed.

The judgment of the trial court is affirmed.

█ The cause was submitted to the jury on special issues which submitted the questions required to be answered by the jury under Tex. Family Code Ann. § 14.08 (Supp. 1980–81) before a change of managing conservator can be ordered by a court. In response to those special issues the jury found (1) that the circumstances of both children or parent had materially and substantially changed since the order of January 4, 1979 naming appellant, the children's mother, managing conservator; (2) that the retention of the mother as managing conservator of both children would be injurious to their welfare; and (3) that the appointment of appellee as managing conservator would be a positive improvement for both children. These three issues were submitted as to each child, which was proper.

By her first three points of error appellant contends that there was no evidence presented at trial to support the answers of the jury to the special issues inquiring into whether or not a change of managing conservator should be ordered. We are convinced that there was ample evidence to support the jury's answers to each one of the special issues submitted by the trial court. Some of this evidence is reviewed below under consideration of appellant's "insufficient evidence" points. The first three points of error are overruled.

Appellant's next three points of error complain that there was insufficient evidence to support the answers of the jury to

Crampton, Crampton & Estrada, P. C., Holly Crampton, Wichita Falls, for appellant.

Smith, Douglass & Cook, S. Price Smith, Jr., Wichita Falls, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

the six special issues submitted to them inquiring into the necessity or advisability of a change of managing conservators. These points must be overruled, as a brief review of the evidence in the record will demonstrate.

In reviewing insufficiency of the evidence points of error, this court is required to consider all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *T.A.B. v. W.L.B.,* 598 S.W.2d 936 (Tex.Civ.App.—El Paso 1980, no writ). The burden is on appellant to demonstrate that the jury findings are against the great weight and preponderance of the evidence. The reviewing court is bound to consider not only the testimony in support of the jury verdict, but all other testimony as well. *In re King's Estate, supra; Peterson v. Peterson,* 595 S.W.2d 889, 892 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). The jury findings must be sustained if there is sufficient probative evidence to support it.

We will review the evidence only briefly and generally, without detailing specific evidence which supports each jury finding on the six special issues submitted by the trial court. The evidence does support each of the findings of the jury. The record shows that shortly after the divorce in January of 1979, while the children were living with appellant in Oklahoma, both boys had head lice, a condition which was very troublesome and which for some reason appellant and her family were unable to cure. THe head lice condition persisted most of the time the boys were with their mother, but cleared up when they would visit their father. The father, according to the evidence, spent much time and effort in solving the head lice problem, and finally, after he had them for an extended period from December of 1979 until the time this suit to modify managing conservatorship was filed in early 1980, this regrettable condition was eliminated. There was also testimony that while these children were in

the custody of their mother, they were unkempt, dirty, sometimes underfed, and almost totally undisciplined. During this time both boys often looked "thin and underfed." Apparently the only discipline the mother exercised over these young boys was to "lay down for a nap with them" when they became unruly or obstreperous.

Appellee had the children for visitation purposes over the Christmas holidays in 1979, and because of the mother's "unsettled" living conditions, she did not ask appellant to return the boys after the visitation period, but asked him to keep them for an indefinite time. This visitation period lasted into February of 1980, during which time appellant never once visited the children and did not send Christmas presents. During this period, although she made several definite promises to visit the boys, she broke these promises. According to the testimony appellant moved five different times between the time of the divorce in January, 1979 and the time of the jury trial in November of 1980. She once lived with a male acquaintance and two other women. She later moved in with another man, to whom she was not married at the time but to whom, she testified, she was later married in an Indian tribal ceremony. There was no marriage license issued by the State of Oklahoma. Also, according to the evidence, she called appellant in February of 1980 and asked him to return the boys so they could live with her, the male acquaintance and the two women. Appellee refused to do this and immediately filed this motion to change managing conservators.

We hold that this evidence demonstrated a somewhat unstable lifestyle on the part of appellant and that this evidence supports the jury finding of a material and substantial change of circumstances affecting the welfare of these children. *Colbert v. Stokes,* 581 S.W.2d 770 (Tex.Civ.App.—Austin, 1979, no writ); *T.A.B. v. W.L.B., supra.*

On the other hand there was considerable evidence, from associates and acquaintances of appellee, that after he took control and possession of the boys they were very well dressed, neat, clean and very healthy. At

least two of these witnesses testified to the efforts appellee made to take care of his children. According to these witnesses appellee attended school functions with both boys, gave them birthday parties, and had a very close, loving relationship with them. Appellee testified that since he has had his children he has taken them to art shows, museums, the circus, Ice Capades, to Six Flags, parks, and on riverboat and ferry rides on several occasions. He has also taken the boys camping several times. Overall, the testimony is clear that these children were healthier, happier, cleaner and generally in better condition than they were while living with appellant. The evidence is that a very healthy normal parent-child relationship existed between appellee and his boys.

We hold that there is ample evidence to support the findings of the jury, with respect to each child, that since the divorce there had been a material and substantial change of circumstances concerning both the children and appellant, that the continuation of appellant as managing conservator would be injurious to the children, and that the appointment of appellee as managing conservator would be a positive improvement for both children. Such findings are clearly not so contrary to the greater weight and preponderance of the evidence as to be manifestly unjust. *In the Interest of F.J.K. and K.H.K.*, 608 S.W.2d 301 (Tex. Civ.App.—Fort Worth 1980, no writ).

 Appellant's seventh, eighth and ninth points of error complain of the trial court's refusal to grant her motion for instructed verdict made twice, once at the time appellee rested his case and again when appellee closed, and of the trial court's refusal to grant appellant's motion for judgment notwithstanding the verdict. Our review of the evidence disposes of these assignments; there was ample evidence to support the trial court's action in overruling both motions for directed verdict as well as the motion for judgment n.o.v.. The trial court did not abuse his discretion. These points are overruled.

By her tenth point of error appellant contends that the trial court erred in naming appellee as temporary managing conservator. Since this action preceded the jury trial in November, 1980 on the motion to change managing conservators, and since the jury settled the issue, we fail to see the significance or merit in this point. We think it is moot, but regardless, we hold that there was sufficient evidence to support the action of the trial court. This point is also overruled.

The judgment of the trial court is affirmed.