Samuel **VASQUEZ**, Appellant,

v.

Norma **VASQUEZ**, Appellee.

No. 08–81–00307–CV.

Court of Appeals of Texas,
El Paso.

Dec. 15, 1982.

Appellee's Rehearing Denied Feb. 2, 1983.

Robert E. Kennedy, Jess Whittenton, Jr., El Paso, for appellant.

C. Jeff Minor, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a modification order affecting the parent-child relationship. Norma Vasquez, the Managing Conservator of the children, brought this suit to modify the divorced husband's access to his children. Testimony was presented before the court without a jury. Samuel Vasquez, the Possessory Conservator, appeals the granting of those modifications. Findings of fact and conclusions of law were requested and filed. We reverse and render.

The parties were divorced on January 14, 1981, and in that decree the Possessory Conservator's visitation rights were fixed as follows:

The 1st and 3rd Sunday of every month, with the period of possession to begin at 9:00 a.m. and ending at 8:00 p.m., . . . . Every 2nd and 4th weekend of each month, with the period of possession to begin at 9:00 a.m. Saturday and ending at 5:00 p.m. Sunday, . . . .

The present action was filed on June 12, 1981, and the visitation rights of the Possessory Conservator were modified to the following "[t]he first, third and fifth (when applicable) weekend of each month from 9:00 a.m. Saturday until 6:00 p.m. Sunday." The children are two boys, now ages nine and ten years. At the time of the decree of divorce, the Appellee was unemployed. She is now employed and must work on some Saturdays. The modification was requested to allow her to spend more time with the children.

There is no statement of facts on this appeal. The trial judge stated in the findings of fact that: (1) Norma Vasquez, the Managing Conservator, was not employed at the time the decree of divorce in this cause was rendered. She is now employed, her working hours are from 7:00 a.m. to approximately 4:30 p.m. Monday through Friday, and she is required to work on some Saturdays. (2) Before obtaining employment, Mrs. Vasquez had time during school days to do her shopping, run errands and take care of personal matters. She must now spend the Saturdays when she is not working attending to such matters and thus has little or no time left to spend with her children during the day on Saturdays. (3) Under the visitation periods of the Possessory Conservator as set forth in the original divorce decree, there was no opportunity for the children or Mrs. Vasquez to spend the entire weekend together. Thus, they have been deprived of the opportunity of extended periods of visitation necessary to promote and nourish a well-rounded mother-child relationship. (4) The children have expressed resentment toward Mrs. Vasquez when Mrs. Vasquez forces them to visit with Mr. Vasquez each and every weekend in compliance with the decree of divorce. (5) It is harmful for the children for them not to be able to spend extended, uninterrupted periods of time with their mother. The court in its conclusions of law stated that (1) the circumstances of the Managing Conservator, Norma Vasquez, and the children have materially and substantially changed since the entry of the decree of divorce, and the change of circumstances warrants modification of the order providing for access to the children by Mr. Vasquez; (2) the new modification order is in the best interest of the children.

By his first point of error, the Appellant contends that there is no evidence of a material and substantial change of circumstances since the entry of the prior order. Here, specific findings of fact and conclusions of law were filed, but no statement of facts was brought forward. In this situation, the findings of fact are binding on the parties and are accepted as justified by the evidence. However, the correctness of the legal conclusions from the facts found can be reviewed. *Mial v. Mial*, 543 S.W.2d 736 (Tex.Civ.App.—El Paso 1976, no writ). Thus, the Appellant is powerless to make a valid complaint as to the legal sufficiency of the evidence to support the judgment. The first point is overruled.

By his second point of error, the Appellant contends that the facts found by the trial court are insufficient to support the conclusion that the circumstances of the Appellee and the children have materially and substantially changed since the entry of the original decree of divorce. As stated above, this Court may review the correctness of the legal conclusions drawn from the facts actually found by the trial court. The statutory requisites necessary before a court is authorized to modify visitation rights require a showing that (1) there has been a material and substantial change as to either the children or any person affected by the prior order, and (2) any modification would be in the best interest of the children. *Little v. Little*, 590 S.W.2d 620 (Tex. Civ.App.—Tyler, 1979, no writ); Tex.Fam. Code Ann., Section 14.07(a) (Vernon 1975), and Section 14.08(c) (Vernon Supp. 1982). This places a heavier burden upon the applicant than existed before the adoption of the Family Code, when it was not required that a change of circumstances to alter visitation privileges be shown. *Rodgers v. Williamson*, 489 S.W.2d 558 (Tex.1973).

The heavier burden, which is now on an applicant, to show material and substantial change in the circumstances is illustrated by the case of *Files v. Thomasson*, 578 S.W.2d 883 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). There, Chief Justice Brown, while questioning the wisdom of the legislative change, found that the facts did not create a material and substantial change of circumstances. In that case, the facts were stronger for a change than the fact findings now before us. There, the husband had remarried, his new wife was pregnant, he had moved into and rented his parents home, the children assertedly enjoyed visits with him, he subjectively wanted them and he desired that they become acquainted with the expected half-sibling. Here, because of her employment, the time which the Appellee has to spend with her children is lessened to some extent. We hold this did not constitute a material or substantial change of circumstances so as to warrant modification of the prior order. *See also: Howard v. Pullicino*, 519 S.W.2d 254 (Tex.Civ.App.—Austin 1975, no writ). It is our holding that the legal conclusion made by the trial court from the facts found was in error, and that the facts as found did not amount to changes which are material or substantial.

We reverse the judgment of the trial court and render judgment that the Appellee take nothing by her motion.