Charles P. BOBBITT & Wife, Cheryl Bobbitt, Appellant,

v.

ELECTRONIC DATA SYSTEMS CORP., Appellee.

No. 05–81–00878–CV.

Court of Appeals of Texas, Dallas.

June 1, 1983.

Jerry Clements, Dallas, for appellant.

Eric R. Cromartie, Walter G. Pettey, III, David C. Kent, Hughes & Hill, Dallas, for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

This appeal is from a take nothing judgment in a suit for reimbursement of expenses for a gastroplasty operation (weight reduction surgery) under a company health benefit plan. The Bobbitts contend, in two points of error, that the trial court erred in granting a take nothing judgment in favor of E.D.S. because; 1) as a matter of law they were entitled to reimbursement under the Plan in that they had obtained opinions from two doctors as to the necessity of the operation as required by the Plan; and 2) Cheryl Bobbitt was suffering from a disease or illness, i.e. obesity, for which, as a

matter of law, the gastroplasty operation was a covered item under the Plan. We disagree with the Bobbitts' contentions and affirm.

Electronic Data Systems Corporation (E.D.S.) set up a health benefit plan (Plan) under an E.R.I.S.A. Trust Agreement for their employees and dependents. It was stipulated that at all relevant times Charles P. Bobbitt was an employee of E.D.S. and his wife, Cheryl, was a covered dependent under the Plan.

At the time of the operation in question Mrs. Bobbitt weighed two hundred and thirty pounds. Dr. Willbanks, the surgeon who performed the operation on Mrs. Bobbitt, testified that she was over one hundred pounds above her ideal weight prior to the gastroplasty operation. He also testified that his records on Mrs. Bobbitt did not reflect any medical problems other than her weight. Mrs. Bobbitt testified to a long history of being overweight and her numerous attempts to overcome this problem before resorting to the operation. After the operation the Bobbitts submitted a claim for reimbursement of expenses to E.D.S. Coverage was denied on the basis that the operation was for cosmetic purposes, a specific exemption under the Plan, and for preventive medicine, which was not a covered item. E.D.S. argues that the Plan only covers operations which are the result of illness or injury. The Bobbitts then brought suit against E.D.S. to recover their expenses. At the time of the trial, about two years after the operation, Mrs. Bobbitt weighed one hundred and seven pounds, a one hundred and twenty-five pound weight loss.

The parties stipulated that if the court found that the operation was not a covered item under the Plan or if the court found that the surgery was for cosmetic purposes then the Bobbitts were entitled to nothing. In its findings of fact and conclusions of law, the trial court found that Mrs. Bobbitt's overweight condition was not an illness or injury and that her operation was for both preventive medicine and cosmetic purposes. The court then concluded that

the plan was not ambiguous, that the provision requiring two doctors' opinions before surgery must be read *in pari materia* with the rest of the Plan, that payment would be made only if the operation was for the treatment of illness or injury, and that Mrs. Bobbitt's operation was not a covered item for reimbursement under the terms of the Plan.

■ As a general rule findings of fact, when supported by the evidence, are binding on the Court of Appeals. *Trevino v. Munoz*, 583 S.W.2d 840, 843 (Tex.Civ.App.— San Antonio 1979, no writ); *Fettig v. Fettig*, 619 S.W.2d 262, 269 (Tex.Civ.App.—Tyler 1981, no writ). However, the Texas Supreme Court has held that where a statement of facts is contained in the record, as is the case here, findings of facts are not conclusive on appeal if the contrary is established as a matter of law, or if there is no evidence to support the finding. *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156, 158 (1950). *See also Armstrong v. Armstrong*, 601 S.W.2d 724, 727 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.). Conclusions of law are always reviewable by the appellate court. *Muller v. Nelson, Sherrod, & Carter*, 563 S.W.2d 697, 702 (Tex.Civ.App.—Fort Worth 1978, no writ).

■ We first address E.D.S.'s argument that as the Bobbitts' have not challenged the sufficiency of the evidence to support the trial court's findings, they are estopped from asserting on appeal that judgment was not properly entered in favor of E.D.S. in accordance with the express stipulation of the parties. We disagree. We interpret the Bobbitt's two points to be matter of law points of error which are held to be an attack on the legal sufficiency of the evidence. *Williford v. Masten*, 521 S.W.2d 878, 883 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). In reviewing matters of law points of error, this court will follow the rule stated in *Precipitair Pollution Control v. Green*, 626 S.W.2d 909, 911 (Tex.Civ.App. —Tyler 1981, writ ref'd n.r.e.).

In reviewing "matters of law" points, this court must consider all the evidence in the record, and if the converse of the finding is established conclusively, the point will be sustained. O'Connor, Appealing Jury Findings, 37 Tex.B.J. 839 (1974); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

Accordingly, we have reviewed all the evidence presented at the trial below to see if it was established conclusively that the Bobbitts were entitled to reimbursement under the Plan after obtaining two doctor's opinions and if it was established conclusively that Mrs. Bobbitt was suffering from a disease or illness.

■ The Bobbitts argue under their first point of error that because they obtained two doctor's opinions before having the operation they are entitled to reimbursement for their expenses as a matter of law. They specifically point out the part of this provision which reads:

"The Plan will cover the cost of hospitalization and surgery even if one or both surgeons decide that surgery is unnecessary."

The Plan was stipulated into evidence and was before the court. The first sentence of the Plan reads:

The Health Benefit Plan provides protection against the cost of hospital and medical/surgical services *required in the case of illness or injury.* (emphasis added). We agree with the trial court's finding that a showing of illness or injury is a predicate to reimbursement for operations under the Plan. We have examined the evidence carefully and find that there is nothing in the record to support the Bobbitts' contention that they are entitled to reimbursement for their expenses without a showing of illness or injury. Appellant's first point of error is overruled.

In their second point of error, the Bobbitts argue that Mrs. Bobbitt was suffering from a disease or illness, i.e. obesity, for which, as a matter of law, the gastroplasty operation was a covered item under the Plan. E.D.S. concedes that if her obesity was an illness or disease, then the operation was covered under the Plan. In order for

the Bobbitts to prevail under their second point of error, the evidence must conclusively show that Mrs. Bobbitt was suffering from a disease or illness.

In examining the whole record we understand the controversy to revolve around the medical definition of "morbid" obesity. All three doctors who testified at the trial appear to agree that an operation to help reduce the weight of an individual who was classified as morbidly obese would be for the treatment of illness or disease. It therefore follows that it would be covered under this Plan. This court must determine on the basis of all the evidence whether it was established as a matter of law that Mrs. Bobbitt was morbidly obese.

Although all three doctors apparently agreed that morbid obesity was an illness or disease, they did not agree on the medical requirements of this disease. Dr. Willbanks, the Bobbitts' doctor, testified that merely being one hundred pounds overweight, as Mrs. Bobbitt was, classified her as morbidly obese. Dr. Bishop, a doctor called by E.D.S., testified that a person was not moribund obese unless there were some medical complications arising from the obesity. Dr. Lucas, E.D.S.'s Medical Director, testified that being one hundred pounds overweight classified Mrs. Bobbitt as being obese, but as she was not displaying any signs of a medical problem resulting from her obesity, she was not, in his opinion, morbidly obese.

■ We have reviewed all the evidence presented in the record and hold that, due to the conflicting medical testimony, the Bobbitts have not established conclusively that, contrary to the trial court's findings, Mrs. Bobbitt's overweight condition was a disease or illness. Point of error number two is overruled.

Affirmed.