**Russell Allen HAMANN, Appellant,**

v.

**Sally Hamann MORENTIN, Appellee.**

**No. 2–82–185–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 17, 1983.

Larry Finstrom, Dallas, for appellant.

Sally Hamann Morentin, pro se.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from an order in a suit affecting the parent-child relationship. Appellant filed suit against appellee for the custody of their two minor children. The trial court entered an order granting managing conservatorship of one child to appellant, the father, and one child to appellee, the mother.

Appellant asserts as his sole point of error that the trial court abused its discretion in splitting conservatorship or custody of the children because it was not in the best interests of the children and there was no clear and compelling reason to do so. We disagree.

We affirm.

■ The paramount concern in a custody action is the welfare and best interest of the child. This is the primary standard upon which the trial court shall determine questions of managing conservatorship, possession, support of, and access to the child. In determining this, the trial court shall consider all the circumstances of the parents. TEX.FAM.CODE ANN. sec. 14.07 (Vernon Supp.1982–1983); *Griffith v. Griffith,* 462 S.W.2d 328 (Tex.Civ.App.—Tyler 1970, no writ). It is settled that split managing conservatorships are not favored and should not be awarded except in extreme cases where the situations of the parties require such actions. *Beasley v. Beasley,* 304 S.W.2d 158 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.); *O. v. P.,* 560 S.W.2d 122 (Tex.Civ.App.—Fort Worth 1977, no writ). The courts are given wide discretion in determining the custody of minor children and the court's determination as trier of fact will not be disturbed on appeal unless it can be shown that the court abused its discretion. *Matter of Marriage of Stockett,* 570 S.W.2d 151 (Tex.Civ.App.—Amarillo 1978, no writ). A review of the procedural history and facts of this case are necessary in our determination of the circumstances supporting the trial judge's ruling.

■ The appellant/father and appellee/mother were divorced on April 28, 1976 in Burbank, California. The appellee was named Managing Conservator of the children, aged five and one years. The children were snatched by the Appellant and his live-in girlfriend on September 2, 1977 and taken to Nevada for a two-month period. The children were then taken to Arlington, Texas, where they remained secreted from their mother for a period of three and one-half years. Appellee, who had expended thousands of dollars in her futile effort to locate her children, was served with a notice of motion to modify the parent-child relationship, filed by the appellant in Tarrant County on March 3, 1981. After a temporary hearing on March 10, 1981, the court appointed the father Temporary Managing Conservator. However, on April 21, 1981, the court altered its decision and ordered that the Tarrant County Juvenile Department be named Temporary Managing Conservator of the subject children, and returned them to the appellee in California.

The testimony of the appellee reveals that during the time the children were in her care and custody, from April to August 1981, they demonstrated behavior which indicated they were having difficulty adjusting to the turmoil. One child began to consistently wet the bed the morning after he received calls from his father in Texas. The judge further ordered a social study to be done in Tarrant County. A review of the study reveals that the children were confused. The older child was upset about the prospect of leaving the appellant, his father, to go live with the appellee, his mother, while the younger child stated he was excited about going to California to live with the appellee, his mother. The younger child had expressed the desire to live with the appellee, while the older chose the appellant.

The record in this case all too sadly reflects what mental agony minor children go through as a result of their parents' insensitivity and thoughtlessness. The record is

replete with testimony and information reflecting that these children have been at the constant mercy of their parents' bickering. The experienced trial judge stated,

"[T]he Court's not thrilled with the decision, and I'm not even sure that it's the best decision that could be made. I don't know what the best decision is. I find the psychiatrists made recommendations, the Juvenile Office in California made recommendations. Each of you as parents of these children have your own opinion as to what's in the best interests of the children. I have one solution. I've never done this in this type of case before. I've done it by agreement, but I feel and I make a finding that it's in the best interests of your child Gregory Allen Hamann to live with his father, Russell Hamann. I find it in the best interests of Brent that he live with his mother, Sally Morentin.... I'm considering all the factors in the case ..."

The trial judge at one point ordered the appellee to maintain liberal visitation with the appellant and noted in his order that he felt there was nothing else to do in this instance since both parties deliberately disobeyed orders of the courts in both California and Texas. The trial court in the case at bar had the opportunity to hear and review the evidence, note the demeanor of the parties, and get acquainted with the children. We do not find in our review of the record that the trial court abused its discretion nor do we find that the trial court based its decision on anything other than clear and compelling reasons. Based upon his view of the children, the testimony and nature of this case, the judge, in exercising his discretion, split the managing conservatorship of the children. Taking into consideration all the circumstances of this case, we find extreme circumstances exist to warrant such a decision. *Beasley v. Beasley,* and *O. v. P., supra.* We therefore find no abuse of discretion in this case and thus overrule appellant's point of error.

Affirmed.