Alma Nydia **RAMOS**, Appellant,

v.

Daniel **RAMOS**, Jr., Appellee.

No. 04–84–00231–CV.

Court of Appeals of Texas, San Antonio.

Nov. 30, 1984.

Eustorgio Perez, Laredo, for appellant.

Carlos David Castillon, Laredo, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This appeal concerns a trial court order modifying the managing conservator provisions of a 1982 divorce decree. The trial court, without jury, held appellant in contempt for denying appellee access to the child, and granted the motion to modify naming appellee as the managing conservator. Findings of fact and conclusions of law were filed.

The prior divorce decree named appellant as the managing conservator. Appellee, as the possessory conservator, was awarded possession of the child on alternating Sundays and every Wednesday evening. The record reflects that the trial court previously held appellant in contempt for refusal to allow the father to exercise his visitation rights; however, punishment was postponed. On appeal, appellant contends that there is no evidence or insufficient evidence

to support the motion for modification or the contempt order. We reverse the judgment of the trial court in part, and affirm in part.

■ TEX.FAM.CODE ANN. § 14.08(c) (Vernon Supp.1984) provides that a trial court may order modification of child custody after a hearing if (1) the circumstances of the child, managing conservator, possessory conservator, or other party affected by the decree have materially and substantially changed since the entry of the order or decree to be modified; *and* (2) the retention of the present managing conservator would be injurious to the child's welfare; *and* (3) the appointment of a new managing conservator would be a positive improvement for the child.[1] *See Gibbs v. Greenwood,* 651 S.W.2d 377, 379 (Tex.App. —Austin 1983, no writ). The burden is on the movant to establish the latter two elements by a preponderance of the evidence. *Oglesby v. Silcott,* 620 S.W.2d 820, 823 (Tex.Civ.App.—Tyler 1981, no writ); *see In the Interest of Soliz,* 671 S.W.2d 644, 647 (Tex.App.—Corpus Christi 1984, no writ).

■ The trial court has wide discretion in determining child custody matters when it is the trier of fact and its decision will not be overturned absent a showing of a clear abuse of discretion. *Hamann v. Morentin,* 660 S.W.2d 645, 646 (Tex.App.— Fort Worth 1983, no writ); *Dunker v. Dunker,* 659 S.W.2d 106, 108 (Tex.App.— Houston [14th Dist.] 1983, no writ); *In the Matter of the Marriage of Stockett,* 570 S.W.2d 151, 153 (Tex.Civ.App.—Amarillo 1978, no writ).

■ In considering a no evidence contention, we consider only the evidence favorable to the verdict and disregard all evidence to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *Files v.*

*Thomasson,* 578 S.W.2d 883, 884 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ). But when determining the sufficiency of the evidence we consider all the evidence to determine if the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Queton v. Queton,* 622 S.W.2d 648, 650 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.). While findings of fact and conclusions of law ordinarily are binding on an appellate court, they are not binding when the statement of facts comprises a part of the record and the evidence is legally or factually insufficient to support them. *Bobbitt v. Electronic Data Systems,* 652 S.W.2d 620, 622 (Tex.App.— Dallas 1983, no writ); *Armstrong v. Armstrong,* 601 S.W.2d 724, 727 (Tex.Civ.App. —Beaumont 1980, writ ref'd n.r.e.).

■ The fact that the father has been denied his visitation rights, or has remarried, moved into a house, or his new wife is pregnant "are neither material nor substantial [changes] absent a showing of a relationship of such developments to the welfare of the children." *Armstrong v. Armstrong, supra, Files v. Thomasson, supra,* at 884–85.[2] As in *Files,* the father in our case presented evidence mainly supporting the contention that he was denied his visitation rights.

■ The evidence concerning a material and substantial change is that the child is no longer breast or bottle fed (she is now 4 years old); the child no longer needs to wear diapers; the mother is no longer employed; the father is remarried; the father has moved into an apartment; and the father's new wife is pregnant. The evidence tending to show that maintenance of the present managing conservator would be in-

---

1. This section was amended effective September 1, 1983. The major change pertinent to this case is putting the three elements in the conjunctive.

2. *Note:* In *O. v. P.,* 560 S.W.2d 122, 126 (Tex.Civ. App.—Fort Worth 1977, no writ), the Fort Worth Court of Appeals overruled sufficiency of the evidence questions concerning a material and substantial change when the evidence showed the mother "violated [the father's] visitation rights on several occasions since the granting of their divorce," but reversed because the evidence was insufficient to support the holding that retention of the present managing conservator would be injurious to the welfare of the child.

jurious to the welfare of the child is that the father has been denied visitation with the child, and as a result, he is unable to have a relationship with the child and teach her his morals and principles. The father stated his belief that his lack of visitation will damage the child's emotional well-being, but also stated she has been "very cheerful, very happy go lucky," and that she is very healthy. To show that the appointment of a new managing conservator would be a positive improvement for the child, the father stated he believed his appointment would be in the child's best interest and the child could form a relationship with both mother and father. No evidence was presented concerning the living conditions of the child when living with her mother. *See Armstrong v. Armstrong, supra,* at 727.

■ While there is some evidence of change, we hold it is insufficient to establish a material and substantial change. Further, the evidence is insufficient to show that maintenance of the status quo, the mother as the managing conservator, will be injurious to the child's welfare, or that substituting the father as managing conservator will be a positive improvement for the child. *See Dalton v. Doherty,* 670 S.W.2d 422, 424 (Tex.App.—Fort Worth 1984, no writ); *Gaona v. Gaona,* 627 S.W.2d 821, 823–24 (Tex.App.—San Antonio 1982, no writ).

The mother also raises no evidence and insufficient evidence points regarding the trial court's finding of contempt. The evidence is conflicting as to whether she denied the father visitation rights. The judge, as the trier of fact, had the opportunity to observe the witnesses and to determine their credibility. *Buffalo Savings & Loan Association v. Trumix Concrete Co.,* 641 S.W.2d 650, 653 (Tex.App.—Corpus Christi 1982, no writ); *National Resort Communities, Inc. v. Holleman,* 594 S.W.2d 195, 197 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

The evidence is insufficient to support the trial court's modification of managing conservator from the mother to the father; therefore, the trial court abused its discretion, and in this respect the judgment is reversed and rendered. The evidence is sufficient to support the finding that the mother is in contempt and in this respect judgment is affirmed.

ESQUIVEL, Justice, concurring.

I concur in the result.

Following the standard of review as set out in *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965), I would go no further than to sustain the appellant's, the mother's, legal sufficiency point of error. Accordingly, it follows that I likewise find an abuse of discretion on the part of the trial court in changing the conservatorship of the child.

From the record, the trial court, as the trier of fact, was correct in his findings that the mother denied the appellee, the father, his visitation rights as ordered in the modified decree of divorce. There is, however, no evidence in the record concerning the living conditions of the child when with the mother; there is no evidence as to the conditions under which the child would live if custody was changed to the father; and, equally significant, there was no evidence of any change in conditions since the entry of the modified order. The only facts established were that the child was older and needed less care, that the father was remarried and lived in an apartment with his present wife, all of which cannot be deemed to be a change of condition. I agree that it was definitely established by the evidence presented that the mother had unjustly denied the father visiting privileges. I cannot hold, however, that this, standing alone, constituted legally sufficient evidence to change the conservatorship of the child from the mother to the father. *See Armstrong v. Armstrong,* 601 S.W.2d 724, 727 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

Section 14.07(a) of the Texas Family Code,[1] and the decisions thereunder, place

1. TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1978), reads as follows: "The best interest of the

a heavy burden upon a party seeking to modify custody rights granted in a decree of divorce. *Armstrong*, 601 S.W.2d at 725. Accordingly, I hold that the father utterly failed to offer any evidence sufficient to meet the "threshold inquiry."

I agree with the majority's disposition that the judgment of the trial court modifying and changing the conservatorship of the child be reversed and rendered and that the father's motion to modify be denied. I also agree that the judgment of the trial court holding the mother in contempt be affirmed.

DIAL, Justice, dissenting.

The panel finds itself on the horns of a dilemma. On one side is that portion of TEX.FAM.CODE ANN. § 14.08(c) (Vernon Supp.1984) quoted in the majority opinion, setting out the very narrow circumstances under which a trial court may change the managing conservator of a child. I commend the majority's efforts to follow this very laudible legislative mandate. A change of custody disrupts a child's home life and personal relationships. It should therefore be ordered only when the court is convinced that it would be a positive improvement for the child. *Taylor v. Meek*, 154 Tex. 305, 310, 276 S.W.2d 787, 790 (1955).

On the other side is the equally clear directive that the trial court's judgment in determining the best interest of a child in awarding its custody in accordance with such determination should be reversed only when it appears from the record as a whole that the trial court has abused its discretion. *Herrera v. Herrera*, 409 S.W.2d 395, 396 (Tex.1966). We likewise agree with the majority that the findings of a trial court are binding on an appellate court in a child custody case unless they are so contrary to the great weight and preponderance of the evidence as to indicate a clear abuse of discretion. *Tye v. Tye*, 532 S.W.2d 124, 127 (Tex.Civ.App.—Corpus Christi 1975, no writ).

The majority sets out the evidence of change offered by the father and found in the record. There is authority, correctly cited by the majority, that the single fact of denial of visitation rights is not a material nor substantial change. *Armstrong v. Armstrong*, 601 S.W.2d 724 (Tex.Civ.App. —Beaumont 1980, writ ref'd n.r.e.). There is also authority cited that the remarriage of the father, moving into his own residence and expecting a new child is by itself not a material nor substantial change. *Files v. Thomasson*, 578 S.W.2d 883 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ). But that case holds that the same evidence would bear on the question of the best interest of the child, which is the primary consideration of the court in such cases. *Files, supra*, at 885; TEX.FAM. CODE ANN. § 14.07(a) (Vernon 1975). To this I would add that the deprivation of the care and attention of a father would also have a crucial bearing on the best interest of the child. Both items of evidence relate to the issues of the child's welfare and whether or not a change would be an improvement. § 14.08(c), *supra*.

This case will hereafter be the only Texas holding that the denial of paternal visitations, plus the creation by the father of a family constellation in a new residence, plus a significant maturation of the child are not only insufficient evidence of change, but if they convinced a district judge that the best interest of a four-year old child really warranted a change, it would amount to a clearly abusive discretionary finding.

The judge believed that it would be better for the child to live in a home with a father, step-mother, and younger sibling, have the benefit of a father's love and attention as well as generous visitation from the natural mother to add her wholesome influence. The alternative of living with an unemployed single mother and an elderly grandmother, while a father's influence was consistently denied, was a situa-

---

child shall always be the primary consideration of the court in determining questions of manag-

ing conservatorship, possession, and support of and access to the child...."

tion that the trial judge felt was injurious to the welfare of the child. I support the wise decision of the trial judge to try to give the child the benefit of love and attention from both parents in the most suitable home environment available.

Since the evidence does support his findings and conclusions, I feel we are bound to affirm the order of the trial judge.

I respectfully dissent.