Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-12-00038-CV

**IN THE INTEREST OF J.J.L., Jr.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-02336
Honorable Martha Tanner, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  September 12, 2012

AFFIRMED

Deborah Lawson, J.J.L., Jr.'s mother, appeals the trial court's order modifying and increasing the possession and access granted to J.J.L., Jr.'s paternal grandmother, Alicia Garza. Lawson contends the evidence is insufficient to support the trial court's finding that a material and substantial change in circumstances had occurred since the prior order. We affirm the trial court's order.

### STANDARD OF REVIEW

We review a trial court's modification of an order providing for the possession of or access to a child under an abuse of discretion standard. *In re T.W.E.*, 217 S.W.3d 557, 559 (Tex. App.—San Antonio 2006, no pet.). "An appellant challenging the sufficiency of the evidence

must show that the evidence, or lack thereof, caused the court to act without reference to any guiding rules or principles or to act arbitrarily or unreasonably." *Id*. "An abuse of discretion does not occur if some evidence of a substantive and probative character exists to support the trial court's decision." *In re J.D.D.*, No. 04-08-00930-CV, 2009 WL 2778660, at *1 (Tex. App.—San Antonio Sept. 2, 2009, pet. denied) (mem. op.).

## MATERIAL & SUBSTANTIAL CHANGE IN CIRCUMSTANCES

Section 156.101 of the Texas Family Code permits a trial court to modify an order providing for the possession of or access to a child if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the prior order. TEX. FAM. CODE ANN. § 156.101(a) (West Supp. 2012). "A determination of whether a material change in circumstances has occurred is not guided by rigid rules, but is, instead, fact-intensive." *In re T.W.E.*, 217 S.W.3d at 559. A non-comprehensive list of material changes can include: (1) marriage of one of the parties; (2) poisoning of the child's mind by one of the parties; (3) change in the home surroundings; (4) mistreatment of the child by a parent or step-parent; or (5) a parent's becoming an improper person to exercise custody. *In re A.L.E.*, 279 S.W.3d 424, 428-29 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *In re J.D.D.*, 2009 WL 2778660, at *1; *see also In re S.R.O.*, 143 S.W.3d 237, 244-47 (Tex. App.—Waco 2004, no pet.) (noting split in authority regarding whether remarriage can constitute a material change of circumstances and concluding it can).

Lawson argues in her brief that Garza was required to prove a material and substantial change in circumstances that "negatively affect[ed] J.J.L., Jr." In support of this argument Lawson relies on *In re P.M.B.*, 2 S.W.3d 618 (Tex. App.—Houston [14th Dist.] 1999, no pet.),

and *Ramos v. Ramos*, 683 S.W.2d 84 (Tex. App.—San Antonio 1984, no writ). These cases, however, concerned earlier versions of the Family Code that required a showing that: (1) modification would be a positive improvement for the child, *In re P.M.B.*, 2 S.W.3d at 622; and (2) retention of the current conservator would be injurious to the child, *Ramos*, 683 S.W.2d at 86. Section 156.101, the current version of the Family Code, does not require a showing of a negative effect from the material and substantial change in circumstances, and the overriding best interest of the child standard takes into consideration whether a modification order is appropriate. TEX. FAM. CODE ANN. § 156.101(a) (West Supp. 2012).

## APPLICATION

Lawson and Garza testified at the hearing before the trial court. The testimony established that Lawson had remarried and moved since the prior possession order. In addition, Lawson's two older children had returned to live with her. We hold that this evidence was some evidence of a substantive and probative character to support the trial court's decision that a material and substantial change in circumstances had occurred since the prior order; accordingly, the trial court did not abuse its discretion in modifying possession and access.

The trial court's order is affirmed.

Catherine Stone, Chief Justice