James Lavon WHITLOW, Appellant,

v.

Edgar MIMS et ux., Appellees.

No. 17815.

Court of Civil Appeals of Texas,
Fort Worth.

March 18, 1977.

Richard E. Johnton, Fort Worth, for Edgar and Shirley Mims.

Wayne E. Roberts, Fort Worth, for Shirley Whitlow.

OPINION

MASSEY, Chief Justice.

The appeal is by the natural father of minor children. The physical custody of these children was awarded to intervening maternal grandparents as a part of the decree which divorced the children's natural parents.

The new and novel question presented upon appeal is the propriety for reversal solely because the trial court's judgment awarded custody of the children to their grandparents jointly, rather than to one of them individually.

The question is upon the trial court's authority, not upon the matter of its abuse of discretion. No statement of facts was brought forward upon the appeal, and none being before this appellate court, the legal presumption obtains that the court's action was justified by the evidence. In such circumstances it is impossible, absent any Finding of Facts, for an appellant to sustain a complaint of abuse of discretion.

The children's father predicates his complaint of error by the award of custody, jointly, upon certain provisions of law which he contends to forbid by necessary implication, to-wit: Vernon's Texas Codes Annotated, Texas Family Code, Sec. 14.01, "Court Appointment of Managing Conservator". Thereunder one given physical custody of a minor child is termed the "managing conservator," ever referred to in the singular. The contention is that the trial court has the power to name one individual as "managing conservator," but not two.

Several cases are to be noticed among the annotations where physical custody of minor children had been awarded to two individuals, jointly. Apparently there has not heretofore been a complaint like unto that in the instant case made a point of error.

To bolster the contention on appeal reference has been made, for purposes of persuasion, to provisions to be found in other sections of the Family Code, viz: Sec. 14.-03(a); Sec. 11.01(6); Sec. 11.08(b), Subs. (5), (6) and (7); Sec. 11.09; and Sec. 14.02. Reference is also made to the Texas Pro-

bate Code, Sec. 116, "Only One Person to Be Appointed Guardian", in which there is prohibition for appointment of more than one person to be guardian of the person of a person.

There is no statutory provision relative to prohibition for appointment of more than one person to have physical custody of a child, i. e., as "managing conservators". Abuse of discretion in so doing is conceivable, but in this case such question is eliminated because there is no statement of facts.

There having been no provision law which prohibited such there was no error in the judgment which awarded physical custody of the two minor children to the grandparents, jointly.

Each point of error has been severally considered. All of them are overruled.

Judgment is affirmed.