Cheryl OWEN, Appellant,

v.

Richard M. OWEN, Sr., et ux.,
Appellees.

No. 5804.

Court of Civil Appeals of Texas,
Waco.

Oct. 27, 1977.

Rehearing Denied Nov. 30, 1977.

John E. Hawtrey, Seymour & Hawtrey, Bryan, for appellant.

Michael R. Hoelscher, Goode, Hoelscher & Lipsey, College Station, Neeley C. Lewis, Lewis & Lewis, Bryan, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (mother) Cheryl Owen from judgment appointing appellees' (grandparents) Mary and Richard M. Owen, Sr., managing conservators of appellant's minor child in a divorce suit between appellant and Richard M. Owen, Jr.

Cheryl and Richard, Jr., were married in October 1974. Reagan Owen was born in December 1975. Cheryl sued for divorce in August 1976, but thereafter nonsuited. In October 1976 Richard, Jr., sued for divorce and custody of the minor child. Appellees intervened seeking to be named managing conservators of the child. Final judgment July 8, 1977, granted divorce, divided property, appointed Intervenors appellees managing conservators of the child, and appointed appellant a Possessory Conservator with rights of visitation with the child Tuesday thru Thursday every other week, six weeks each summer plus Mother's Day and Easter (every other year) plus four days each Christmas.

Appellant appeals on one point:

The district court abused its discretion under Section 14.01(b) Tex. Family Code in granting managing conservatorship to intervenor since the totality of the evidence before the court did not in any way show that the appointment of a parent, the mother, would not be in the best interests of the child.

Cheryl has been married four times; has two children by prior marriages; has custody of one of the children; the father has custody of the other. On May 5, 1977 while the child was in possession of appellees in College Station appellant appeared at the Owen's residence and physically tore the child from the arms of Mrs. Owen, Sr., and took the child to Dallas. There is evidence Cheryl, while in possession of the child, left her without adequate supervision, unattended or in lack of food. Cheryl has lived in various locations and with a varying assortment of people since her divorce petition was originally filed in 1976. There is evidence Cheryl wilfully withheld visitation or access to the child from the father or grandparents during the period she had possession. Cheryl now lives in Dallas where she is a representative for a swimming pool manufacturer working five days per week; making $1200. per month plus moneys from a contract employment. She is purchasing a home and is financially able to take care of the child.

Appellees own their home in College Station, are in their early fifties, are well qualified to raise the small child; have assisted their son and daughter-in-law on many occasions, and had the son and daughter-in-law living in their home for some six months. Appellees are financially secure and are willing to devote their lives to raising the child, giving the mother all privileges of visitation awarded by the trial court.

Section 14.01(b) Texas Family Code provides in part:

"A parent shall be appointed managing conservator of the child unless the court finds that appointment of the parent would not be in the best interest of the child" and Section 14.07(a) provides in part: "The best interest of the child shall always be the

primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child".

 And in awarding custody of minor children the principal concern of the courts is the welfare and best interest of the children. *Tye v. Tye*, CCA (Tex.Civ.App., Corpus Christi) 532 S.W.2d 124; *Ex Parte Eaton*, S.Ct., 151 Tex. 581, 252 S.W.2d 557; *Numma v. Aguirre*, Tex., S.Ct., 364 S.W.2d 220.

 And the question of resolving custody questions is addressed to the sound discretion of the trial court when it is the trier of fact. It is in a better position than an appellate court to determine what will be in the best interests of the child since the trial judge faces the parties and their witnesses, observes their demeanor, and has the opportunity to evaluate the claims made by the parties, all of which are difficult to accurately weigh and determine by mere reading of the statement of facts. In determining what is best for the minor child in a custody proceeding the trial court's judgment will not be disturbed by an appellate court unless there has been a clear abuse of discretion. *Mumma v. Aguirre, supra* ; *Herrera v. Herrera*, Tex., 409 S.W.2d 395; *Tye v. Tye, supra* ; *Smitheal v. Smitheal*, Tex.Civ.App., CCA (Ft. Worth) 518 S.W.2d 842 Er.Dismd Cert. denied 96 S.Ct. 277; *Gibson v. Hines*, CCA, NWH (Waco) 511 S.W.2d 546.

 From the record before us the trial court was authorized to believe that appellees' home insures the greatest stability of the choices available; and we cannot say the trial court abused its discretion.

Appellant further asserts the judgment contrary to the great weight and preponderance of the evidence. From the record as a whole we are unable to say the judgment is against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

Appellant's point is overruled.

AFFIRMED.