Adalberto **GONZALEZ**, Appellant,

v.

Esther Silva **GONZALEZ**, Appellee.

No. 13–83–372–CV.

Court of Appeals of Texas, Corpus Christi.

June 14, 1984.

Michael P. O'Reilly, Corpus Christi, for appellant.

Robert J. Vargas, Robstown, for appellee.

Before NYE, C.J., and UTTER and YOUNG, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a final decree of divorce which granted the divorce, divided the estate of the parties, and appointed both parties as joint managing conservators of the minor children of the marriage. The issue of custody of the children was highly contested. This case presents the novel question of whether a trial court, in making its custody award, may, absent an agreement by the parties, appoint both divorcing parents as joint managing conservators of the minor children of the marriage. We hold that such remedy is not within the authority of the trial court.

The trial in this matter was held before the court without a jury. At the time of trial, the minor children, a boy and a girl, were respectively, seven and three years old. The appellant lived near Orange Grove in Nueces County; the appellee lived in Houston, Harris County. The trial court entered its decree of divorce, which stated in pertinent part:

The Court, having considered the circumstances of the parents and of the children, finds that the following orders are in the best interest of the children:

IT IS DECREED that Petitioner and Respondent be and are hereby appointed Joint Managing Conservators of the children.

After appointing the parties as joint managing conservators, the trial court then provided for a permanent custody arrangement which, in effect, gave each party possession of the children for a six month period of time; that is, each parent, as managing conservator, would have actually physical possession of the minors for six months of every year. Not only was each parent a named managing conservator, but, the minors would actually be domiciled in Harris County for six months and in Nueces County for six months, thus, requiring the minors to change home and school environments whenever the possessory managing conservator was entitled to possession.

The pertinent statutes controlling the appointment of a managing conservator in the State of Texas are TEX.FAM.CODE ANN. § 14.01 (Vernon 1975), which concerns the appointment of a managing conservator by the court, and TEX.FAM. CODE ANN. § 14.06 (Vernon Supp.1984), which concerns agreements by the parties relating to conservatorship, including an agreement for the appointment of joint managing conservators. The applicable portions of Section 14.01 provides:

Section 14.01. Court Appointment of Managing Conservator.

(a) In any suit affecting the parent-child relationship, the court may appoint *a managing conservator,* who must be a

suitable, competent adult, or *a parent*, or an authorized agency. If the court finds that the parents are or will be separated, the court shall appoint *a managing conservator*.

(b) *A parent* shall be appointed *managing conservator* of the child unless the court finds that the appointment of *the parent* would not be in the best interest of the child. In determining *which parent* to appoint as *managing conservator*, the court shall consider the qualifications of the respective parents without regard to the sex of the parent. (emphasis supplied)

Section 14.06 provides:

Section 14.06. Agreements Concerning Conservatorship.

(a) To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provisions for conservatorship and support of the child, modifications of agreements or orders providing for conservatorship and support of the child, and appointment of *joint managing conservators*. (emphasis supplied)

TEX.FAM.CODE ANN § 14.02(a) (Vernon Supp.1984) delineates the rights, privileges, duties, and powers of a managing conservator. Pertaining to the rights, privileges, duties, and powers of a parent who has been appointed managing conservator, § 14.02 provides:

Section 14.02. Rights, Privileges, Duties, and Powers of Managing Conservator.

(a) Except as provided in Subsection (d) of this section, *a parent* appointed *managing conservator* of the child retains all the rights, privileges, duties, and powers of a parent *to the exclusion of the other parent*, subject to the rights, privileges, duties, and powers of a possessory conservator as provided in Section 14.04 of this code and to any limitation imposed by court order in allowing access to the child.

We have found only three cases under the Texas Family Code in which a trial court has, absent an agreement of the parties, appointed joint managing conservators of the minor children of the marriage.[1] Two of these are *Benedict v. Benedict*, 542 S.W.2d 692 (Tex.Civ.App.—Fort Worth 1976, Writ Dismissed) and *Whitlow v. Mims*, 549 S.W.2d 45 (Tex.App.—Fort Worth 1977, no writ). However, in neither of these cases does it appear from the court's opinion that the court was faced squarely with an appeal from the appointing of parents as joint managing conservators as in the present case. In *Benedict v. Benedict*, the opinion does not state whether the appellant directly attacked the appointment of the natural mother and maternal grandparents as joint managing conservators. It appears that the appellant was claiming that he should have been appointed managing conservator or, in the alternative, that his periods of visitation as possessory conservator were too strictly regulated. In *Whitlow v. Mims*, the court did not determine whether the parents could be appointed joint managing conservators, rather the court only found no prohibition against the intervening maternal grandparents being appointed joint managing conservators. Once again, in the third case, *Owen v. Owen*, 558 S.W.2d 63 (Tex.Civ.App.—Waco 1977, writ dismissed), the court found no abuse of discretion in appointing the grandparents as joint managing conservators.

Professor John J. Sampson in his commentary under Texas Family Code § 14.01 in the 1982 Texas Family Code Symposium Issue of the Texas Tech Law Review, 13 Tex.Tech L.Rev. 928 (1982) states:

---

1. *Compare Dunker v. Dunker*, 659 S.W.2d 106 (Tex.App.—Houston [14th Dist.] 1983, no writ) (parents were appointed in the original decree as joint managing conservators pursuant to an agreement of the parties; *Lane v. Hart*, 651 S.W.2d 419 (Tex.App.—Eastland 1983, writ ref'd n.r.e.) (parents were appointed in the original decree as joint managing conservators pursuant to an agreement of the parties); *Yancey v. Koonce*, 645 S.W.2d 861 (Tex.App.—El Paso 1983, writ ref'd. n.r.e.) (maternal grandparents were appointed in the modified decree as joint managing conservators pursuant to agreement of the parties to modify and a jury finding).

Incidentally, because the statutory mandate is to appoint *"a managing conservator"* in the singular, it seems probable that a trial court cannot appoint separating parents as "joint managing conservators" in a contested case. On the other hand, case law has authorized the appointment of more than one managing conservator in situations in which persons other than the divorcing or separating parents seek the order. Good common sense (and, thus, reasonable statutory construction) dictates that outcome in appropriate circumstances, such as the appointment of both grandparents, or of both the uncle and the aunt. Generally a married couple intends to share the duties of managing conservatorship when they jointly seek to fill the role of court-appointed parents. (emphasis in original)

In discussing the possibilities of granting alternate managing conservatorship under the Texas Family Code, Nelson, Alternate Managing Conservatorship Under the Family Code, 30 Baylor L.Rev. 83, (1978); discusses the merits of the express appointment of two managing conservators in a trial court's custody award in a decree of divorce:

This approach would overtly divide the managing conservatorship regardless of whether the distinction between managing and possessory conservatorship is based upon time or upon the relative number and importance of rights, privileges, duties, and powers. Section 14.-01(a) mandates that *a* managing conservator be appointed when the parents are or will be separated, and Section 14.01(b) provides that it be *a* parent, assuming it is in the best interest of the child. Indeed, every reference in the Code to the managing conservatorship is singular. In order to allow awards of alternate custody, the Code Construction Act could be utilized. It provides that in construing words and phrases, "[T]he singular includes the plural and plural includes the singular." Through a mechanical application of this rule, two managing con-

servators could be appointed, each parent being named a managing conservator.

However, such a construction encounters difficulties when considered in the light of other provisions of Chapter Fourteen, which seem to indicate that only one managing conservator was intended. Section 14.01(b) provides in part: "[I]n determining *which parent* to appoint as managing conservator, the court shall consider the qualifications of the respective parents ...." Section 14.02(a) provides that the managing conservator retains all the rights, privileges, powers, and duties of a parent *to the exclusion of the other parent,* subject to rights of the possessory conservator. Section 14.-03(a) expressly allows for the appointment of more than one *possessory conservator;* no such provision exist for the managing conservator. Had dual managing conservatorship been considered permissible, it is likely that a similar provision would have been included for the managing conservatorship.

Even assuming that the Code permits expressed appointment of more than one managing conservator, a jury trial raises another obstacle. Where the jury selects one of the parents as managing conservator, Section 11.13(b) would preclude the trial court from overriding that choice by expressly appointing both parents managing conservators. Thus, Section 11.13(b) has a limitation on the trial court's *power* and not simply its *discretion.*

From the above discussion, it appears doubtful that the court can expressly alternate the managing conservatorship between the parents by naming each as a managing conservator. (emphasis in original).

■ A cardinal rule of statutory interpretation and construction is that legislative intent is to be sought out from a general view of the enactment as a whole, and, once the legislative intent has been ascertained, the statute is to be construed so as to give effect to the purpose of the legislature. *Citizens Bank of Bryan v.*

*First State Bank, Hearne,* 580 S.W.2d 344 (Tex.1979). After having reviewed all the provisions of the Texas Family Code dealing with managing conservatorship, we hold that it was clearly the legislature's intention that, absent an agreement of the parties, the district court could appoint only one parent as managing conservator of the minor children of the marriage upon divorce. The trial court in making its custody award was, therefore, without authority, absent an agreement by the parties, to appoint both divorcing parents as joint managing conservators of the minor children of the marriage.

We REVERSE the judgment of the trial court pertaining to the custody award of the children of the marriage and REMAND with instructions that the trial court appoint a managing conservator.