**Paul A. COLES, Appellant,**

v.

**Vickie R. COLES, Appellee.**

**No. 2-84-093-CV.**

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 1984.

Franks & Luce and Jon Michael Franks, Irving, for appellant.

Hill & Linebarger and Kendall Hill, Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

OPINION

JORDAN, Justice.

In this divorce case the trial court appointed the parties to this appeal as joint managing conservators of their three sons. This order of the court is the subject of appellant's sole ground of error, the contention being that the order of joint managing conservatorship is not sanctioned by the Texas Family Code.

We reverse and remand.

Appellant argues, and we agree, that TEX.FAM.CODE ANN. sec. 14.01 (Vernon 1975) contemplates only one parent as a managing conservator and that court appointment of joint managing conservators therefore is prohibited. Section 14.01, titled *"Court Appointment of Managing Conservator,"* in sub-section (a) authorizes appointment of *"a* suitable, competent adult, or *a* parent, or an authorized agent."* Section 14.01(b) provides that *a* parent shall be appointed managing conservator of the child unless the court finds that appointment of the parent would not be in the best interest of the child. That section also directs that in determining *which* parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent. All references in sec. 14.01 to parents as managing conservator are singular in nature. It unquestionably compels the appointment of only one of the two parents as managing conservator.

Section 14.06, as amended in 1979, provides:

To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provisions for conservatorship and support of the child, modifications of agreements or orders providing for conservatorship and support of the child, and appointment of joint managing conservators. TEX.FAM.CODE ANN. sec. 14.06(a) (Vernon Supp.1984).

By amending sec. 14.06 to provide for agreement of both parents to provide for

appointment of joint managing conservators, it is clear that the legislature understood that a court was not authorized to appoint both parents as joint managing conservators. The legislature apparently decided that if both parents agreed to such an order they would cooperate more in the raising of their children after divorce than they would if the parents continued to feud and disagree as they obviously had prior to the divorce. No such agreement was made in this case.

There are cases where the courts have approved the appointment of more than one person as joint managing conservators, but all these cases deal with persons other than parents, usually grandparents of the child or children. *See Bush v. Cooley*, 561 S.W.2d 606 (Tex.Civ.App.—Waco 1978, no writ); *Owen v. Owen*, 558 S.W.2d 63 (Tex. Civ.App.—Waco 1977, writ dism'd); *Whitlow v. Mims*, 549 S.W.2d 45 (Tex.Civ.App. —Fort Worth 1977, no writ). Only one other Texas court has written on the precise question here. *See Gonzalez v. Gonzalez*, 672 S.W.2d 887 (Tex.App.—Corpus Christi 1984, no writ) where the court also held that, absent an agreement of the parents, the trial court was without authority to appoint both of them managing conservators of their children.

The reasons for the wording of sec. 14.-01(a) and (b), above discussed, and our holding that the trial court must choose the one parent best qualified to care for the children of a dissolved marriage are manifest and indisputable. Parents whose marriage has disintegrated to the point of incessant bickering and battling, often with acrimony, cannot be expected, after divorce, to harmoniously and competently care for and manage their children with only the best interest of those children in mind. Divorced parents, some perhaps more than others, when important decisions regarding their children are required, will inevitably continue to wage war on the battleground they supposedly left behind in the divorce court.

A perusal of the divorce decree in this case which delineated the rights, privileges, duties and powers of each of the managing conservators should illustrate graphically the impossible situation created by the appointment of both parties as joint managing conservators. These rights, privileges, duties and powers, all regulating the care, welfare and affairs of the three young boys in this case, with one exception, are identical. The same rights and powers are granted to each parent after divorce. This creates a perfect arena for continuing battles and disagreement over every decision to be made in the lives of these children.

We hold that the trial court was without authority to appoint both parties as joint managing conservators. The case is reversed and remanded for new trial.